■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PETTIFORD, Appellant. — Appeal from judgment, Supreme Court, New York County, rendered December 12, 1977, convicting defendant of manslaughter in the first degree and sentencing him to a term of 8 1/3 to 25 years, held in abeyance, and the matter remanded for a reopened *Huntley* hearing on the legality of defendant's arrest and the admissibility of his two inculpatory statements. Contrary to the suppression court's finding, it is clear that defendant was in custody at the time he gave his first statement, which was exculpatory. Defendant had not, prior to this statement, been given his constitutional warnings by the detective who elicited the statement. Despite its finding that defendant was not in custody, the court nonetheless directed the People not to use this statement on their direct case, although the court found this statement and the two inculpatory statements which followed it to be voluntary and therefore competent for use at trial to impeach defendant. Finding that defendant had been advised of his rights and had knowingly and intelligently waived these rights, the court further ruled that the two subsequent inculpatory statements were admissible. Citing doctrine enunciated in *Westover v United States* (384 US 436, 494-497) defendant now contends that the suppression court should have suppressed not only the initial exculpatory statement but the two inculpatory statements as well, since they were a continuation of tainted questioning. Under such circumstances the Supreme Court has found that "an intelligent waiver of constitutional rights cannot be assumed" (p 496). Although the defendant pressed Fifth and Sixth Amendment claims, he did not raise this issue at the hearing. Nor did he press his present claim that all three statements

must be suppressed as the direct product of an illegal, sham arrest. Thus, the People were never afforded the opportunity to confront these claims. Ordinarily, the failure to advance a particular claim at the suppression hearing, where the People would have an opportunity to meet such an assertion, should bar the raising of that issue on appeal. (See *People v Tutt,* 38 NY2d 1011.) Though the *Westover* issue was never urged by defendant in his arguments, we remand since it was clearly an issue demonstrated by the People's own proof and within the ambit of defendant's Fifth and Sixth Amendment claims. By the same token, the People, if timely put on notice of this issue, might have been in a position to offer proof that the *Miranda* warnings had been administered approximately four hours earlier that day by an officer who arrested him on an unrelated narcotics charge or that after a definite pronounced break in the interrogation he was given subsequent warnings sufficient to protect his rights. (See *People v Chapple,* 38 NY2d 112.) Thus, the circumstances of defendant's initial arrest for a narcotics violation and the course of his interrogation throughout the day of his arrest become significant. We remand accordingly and hold the appeal in abeyance. Concur — Murphy, P. J., Sullivan, Lupiano, Silverman and Yesawich, JJ.