■ THE PEOPLE OF THE STATE OF NEW YORK,, Respondent, v ERNEST J. McGREGOR, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered October 29, 1980, convicting defendant upon his plea of guilty of the crime of rape in the first degree. It appears from the record that defendant was stopped at approximately 7:45 P.M. on December 23, 1979 by a United States border patrolman and taken into custody by the New York State Police for questioning regarding an alleged rape. The only witness called by the People at the suppression hearing was a

State Police officer who testified that at 10:30 P.M. on December 23, 1979, he advised defendant of his *Miranda* rights; that defendant waived those rights; that defendant thereafter confessed to committing the alleged rape; and that the confession was reduced to writing and signed by defendant. This officer also testified that defendant may have been interviewed prior to his interview with him; that after defendant was taken into custody he was taken to Ellenburg and then transported to the State Police barracks at Plattsburgh; and that defendant was in other offices at the Plattsburgh station prior to his interview with him commencing at 10:30 P.M. At the conclusion of the suppression hearing it was determined by the court that the statement given by defendant was admissible at trial. Subsequently, pursuant to a plea bargaining arrangement, defendant entered a plea of guilty to the crime of rape in the first degree and was sentenced to an indeterminate term of imprisonment with a maximum term of nine years and a minimum term of three years. On this appeal, defendant contends that the court erred in failing to suppress his alleged confession. Although not raised by defendant at the suppression hearing, he urges on appeal that he was questioned prior to being given his *Miranda* warnings at 10:30 P.M. on December 23, 1979 and thus the People failed to show that he was advised of his constitutional rights at the outset of the questioning. The People have the burden of proving beyond a reasonable doubt that a statement was voluntary *(People v Anderson,* 42 NY2d 35). Under the circumstances evident herein, an intelligent waiver of constitutional rights cannot be assumed (see *Westover v United States,* 384 US 436, 494). *Miranda* warnings must precede the subjection of a defendant to questioning and will not be effective if given later unless there is such a definite break in the interrogation that it can be said that defendant returned, in effect, to the status of one who is not under the influence of questioning *(People v Chapple,* 38 NY2d 112, 115). Had the People been on notice of this issue, proof might have been offered to show that defendant had been advised of his rights when first taken into custody, that he was not questioned prior to 10:30 P.M. on the day in question, or that there was a definite break in the interrogation. In our opinion, the proper procedure on the present record is to remit the matter to the County Court of Clinton County for a reopened suppression hearing on the issue of the admissibility of defendant's statements *(People v Pettiford,* 78 AD2d 823). Proof may then be taken concerning what occurred when defendant was first taken into custody and the course of his interrogation thereafter until his statement was given. Accordingly, we remit the matter and hold the appeal in abeyance. In view of this determination, defendant's remaining contentions will not presently be considered. Determination of appeal withheld, and matter remitted to the County Court of Clinton County for a reopened suppression hearing on the issue of the admissibility of defendant's statements. Sweeney, J. P., Main and Weiss, JJ., concur.

Mikoll and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The issue in this case is whether or not the People must offer proof of all events involving a defendant from the time he is taken into custody until he gives a confession as a matter of course to establish the admissibility of the confession. Upon the present record, defendant was questioned only after he was given his *Miranda* rights. He did not testify at the suppression hearing as to there being any other relevant events and the record discloses none. The case of *Westover v United States* (384 US 436, 494) involved positive evidence of lengthy interrogation prior to the warnings being finally given whereas in the present case, there is no such length of time or any allegation under oath of prior interrogation. *Westover* is factually and legally inapposite. The judgment should be affirmed.