■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JOSEPH McGREGOR, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered October 29, 1980, convicting defendant upon his plea of guilty of the crime of rape in the first degree. When this case was previously before this court, we remitted the matter for a reopened suppression hearing so that proof could be taken concerning what occurred when defendant was first taken into custody and during the course of his interrogation thereafter (*People v McGregor,* 84 AD2d 610). Most of the relevant facts are set forth therein. On remittal, the United States border patrolman who stopped defendant at 7:45 P.M. on December 23, 1979 testified that although he did not advise defendant of his *Miranda* rights he did not question him. A State Police officer who took custody of defendant from the border patrolman testified that he advised defendant of his *Miranda* rights and that he did not question defendant concerning the alleged rape. This officer further testified that he then turned custody of defendant over to another officer who also testified that he advised defendant of his *Miranda* rights prior to defendant's questioning by him and by the officer who took defendant's statement. It is this statement which defendant sought to have suppressed. From a review of the record on remittal, we find ample evidence that defendant was advised of his *Miranda* rights prior to any questioning and conclude that defendant's statement was voluntarily given following proper *Miranda* warnings. The court, therefore, properly determined that defendant's statement was admissible. Defendant, asserting a nine-month delay, also seeks reversal of his conviction on the ground that he was denied his right to a speedy trial. Insofar as defendant's motion was based on the People's failure to satisfy the requirements of CPL 30.30, his statutory right to any dismissal was waived by his plea of guilty (*People v Friscia,* 51 NY2d 845). Concerning defendant's argument that his constitutional right to a speedy trial was violated, we have considered the relevant factors as set forth by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445) and find no constitutional deprivation. Contrary to defendant's final contention, we are of the opinion there was no clear abuse of discretion by the court in imposing a sentence, pursuant to a plea bargaining arrangement, of an indeterminate term of imprisonment with a maximum term of nine years and a minimum term of three years. Accordingly, the sentence will not be disturbed (*People v Dittmar,* 41 AD2d 788). The

judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Weiss and Herlihy, JJ., concur.