■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COSGROVE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered May 31, 1983, convicting defendant upon his plea of guilty of the crime of assault in the first degree. ¶ Around 3:00 A.M. on July 3, 1982, defendant became involved in an altercation on the lawn in front of his ex-wife's home in the Village of Horseheads, Chemung County. Without any apparent provocation, he struck her brother and her boyfriend with a baseball bat and then proceeded to strike his ex-wife with the bat several times in the head. When Police Officer Guy Rogers appeared at the scene, he observed a woman lying on the ground and a blue pickup truck moving down the road at high speed. Witnesses informed the officer that the truck was being driven by defendant who had just assaulted his ex-wife. Officer Rogers pursued defendant and finally caught up with him when the truck spun out of control and ran into a ditch. Officer Rogers placed defendant under arrest. He then had defendant get into the patrol car for transport to the police station. At that point, defendant asked the officer to get his missing sneaker, which defendant thought was somewhere in his truck. However, the sneaker was subsequently located back at the scene of the assault. Defendant was then transported to the Horseheads Police Department. There he was to be interrogated by Investigator William Driscoll of the State Police. Before questioning began, defendant stated that he had a sinus headache and requested a drink of water. He was given one. He was then read his *Miranda* rights. Defendant stated that he was willing to discuss the matter with Investigator Driscoll and that he did not

want to call an attorney. Defendant then gave an oral account of the incident, admitting that he had gone to his ex-wife's house to harass her and that, upon seeing her boyfriend's car there, he became enraged. He further stated that when his ex-wife appeared on the lawn outside the house with her brother and her boyfriend, he got out of his truck and struck all three of them with the bat. He then drove off in the truck. When defendant was asked if he would make a written statement, he asked to see a lawyer. The questioning was then terminated. ¶ Defendant was indicted on one count of attempted murder and three counts of assault. At the *Huntley* hearing, defendant's statement to Officer Rogers requesting the return of his sneaker was held admissible, as was his subsequent oral statement to Investigator Driscoll. Following plea bargaining negotiations, defendant pleaded guilty to one count of the crime of assault in the first degree. ¶ On this appeal, defendant's first contention is that his request to Officer Rogers for his missing sneaker should have been ruled inadmissible on the grounds that it was an admission made after he was in custody and before he was read the *Miranda* warnings. This argument is meritless. A review of the testimony adduced at the *Huntley* hearing shows that defendant's statement was made to the officer voluntarily and spontaneously, and was not in any way the product of police interrogation. Indeed, at the time defendant made the statement, Officer Rogers had said nothing to defendant other than to inform him that he was under arrest. Accordingly, the utterance falls well within the spontaneous statement exception, and so is not barred by *Miranda* (see *Miranda v Arizona,* 384 US 436, 444-445; see, also, *People v Rivers,* 56 NY2d 476, 479). ¶ Defendant's second contention is that the court erred in its denial of his motion to suppress the oral statement which he made to Investigator Driscoll. Defendant argues that he could not have knowingly and voluntarily waived his *Miranda* rights before he made the statement because he was suffering from a sinus headache at the time. This argument is also unpersuasive. Investigator Driscoll testified at the *Huntley* hearing that defendant did not appear to be under the influence of alcohol or drugs at the time he made the statement, nor did he show any signs of either physical or mental impairment. Further, it should be noted that defendant's alleged headache was not so severe as to prevent him from asking to see an attorney before his oral statement was reduced to writing. Accordingly, there is no indication in the record that the court erred in finding that defendant's statement was voluntary and admissible (see *People v Leonti,* 18 NY2d 384, 389, cert den 389 US 1007). ¶ Defendant's final argument is that his sentence of 4 to 12 years was unduly harsh and excessive. We cannot agree. The record reveals that defendant was guilty of brutally assaulting his ex-wife with a baseball bat, resulting in injuries to her brain from which she almost died and which left her partially paralyzed and unable to walk without the use of a cane. In light of the vicious nature of this assault, defendant's sentence does not appear to be unduly harsh. Further, the sentence imposed was the result of negotiations and was the term for which defendant, represented by counsel, bargained so as to avoid trial for a more serious offense. Accordingly, there has been no showing that the sentencing court abused its discretion here (see *People v Saez,* 81 AD2d 841, 842). ¶ Judgment affirmed. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.