■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDWARD HARRIS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered August 27, 1982, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

On May 3, 1982, defendant was seen outside the Chemung

County Sheriff's office with a knife in his hand. Investigator Daniel O'Brien ordered him to drop the knife and place his hands against a wall. Defendant complied and said, "Yes, yeah, I stabbed her. She wouldn't give me my food stamps." A welfare fraud investigator who was present told O'Brien that defendant had stabbed a girl at the Department of Social Services. Defendant was arrested and, while being taken inside the Sheriff's office, blurted out, "She's not going to die. I only stabbed her in the [left] shoulder." *Miranda* warnings were given immediately and thereupon questioning ensued, culminating in a recorded and written statement.

Defendant was indicted for attempted murder in the second degree and assault in the first degree. Upon denial of his motion to suppress the oral and written statements, he entered a guilty plea to the first count and was given an indeterminate prison sentence of 6 to 18 years. On this appeal, defendant contends that his statements were the product of custodial interrogation without the presence of counsel in violation of his rights under *Miranda v Arizona* (384 US 436). He also contends that the sentence was harsh and excessive. We disagree and affirm the judgment.

The uncontradicted proof establishes that the initial outburst was spontaneously made before defendant was arrested and was not the result of express questioning or its functional equivalent (*see, Rhode Island v Innis,* 446 US 291; *People v Lanahan,* 55 NY2d 711). Similarly, the statement made after arrest and before *Miranda* warnings were given was truly spontaneous. There was no police conduct which would reasonably have been anticipated to evoke a statement from defendant (*People v Lynes,* 49 NY2d 286, 295). Nor is there any suggestion that either statement was the product of subtle maneuvering by the police (*People v Rivers,* 56 NY2d 476, 480). When spontaneous and voluntary statements are made, there is no duty on the police to restrain a defendant from speaking (*People v Kaye,* 25 NY2d 139). Consequently, the suppression motion was properly denied (*see, People v Mullins,* 103 AD2d 994; *People v Cosgrove,* 102 AD2d 947).

Finally, we find that the sentence imposed was within the statutory limits and has not been shown to constitute an abuse of discretion.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.