OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
When a defendant properly challenges statements made by him that the People intend to offer at trial, it is, of course, the People’s burden to establish, beyond a reasonable doubt, that such statements wpre voluntarily made (People v Anderson, 42 NY2d 35). This does not mean, however, that the People are mandated to produce all police officers who had contact with the defendant from arrest to the time that the challenged statements were elicited.
In this case, defendant presented no bona fide factual predicate which demonstrated that such officers possessed material evidence on the question of whether the statements were the product overtly or inherently of coercive methods, so the People could meet their burden through the testimony of the officer who elicited the confession. The attorney’s affidavit in support of the motion to suppress was conclusory and defendant offered no evidence at the hearing even though he was previously afforded complete discovery of the People’s case file.
Moreover, insofar as defendant suggests that the other officers may have elicited prior statements from him in violation of Miranda v Arizona (384 US 436), we would note that the Supreme Court has held that this would not bar admission *975 of a statement made after the required warnings are administered (Oregon v Elstad, 470 US —, 105 S Ct 1285). Since the officer who testified at the suppression hearing stated that such warnings were administered prior to the defendant’s admissions, the prior events are irrelevant. People v McGregor (84 AD2d 610, on subsequent appeal 85 AD2d 848), is, therefore, disapproved.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed in a memorandum.