THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MATTIE JOHNSON, Also Known as MATTIE BEDELL, Respondent.

Fourth Department, December 19, 1986

### APPEARANCES OF COUNSEL

*Howard R. Relin, District Attorney (Wendy Lehmann* of counsel), for appellant.

*James R. Brown* for respondent.

### OPINION OF THE COURT

BOOMER, J.

██ Defendant was charged with criminal possession of stolen property after the police searched her automobile and found certain items of clothing stolen from a department store. As the result of a hearing, County Court suppressed the fruits of the search, certain admissions made by defendant to the police, and in-court identification testimony of an eyewitness. The People appeal and we conclude that this evidence should not have been suppressed.

██ In suppressing the items found in the automobile, the court held that the warrantless search was illegal because "there was no showing of any exigent circumstances or any of the traditional arguments to support an automobile exception, i.e., inventory search, inevitable discovery." Contrary to the court's conclusion, exigent circumstances need not be shown to dispense with the requirement of a warrant when searching an automobile. The Court of Appeals in *People v Orlando* (56 NY2d 441, 446) held that the police may search an automobile parked in a public place, without a warrant, when they have probable cause to believe that the automobile contains evidence of a crime and the search occurs close in time and place to the arrest of the defendant. Exigency is not the test; for, as the court indicated (p 446), a warrantless search may be proper "even though all of the occupants of the vehicle have been arrested before the search is made" and even though "it would have been reasonable to post a police guard at the vehicle until a warrant could be obtained".

Applying the *Orlando (supra)* test to the facts of this case, we conclude that the warrantless search of defendant's automobile was legal. First, the police had probable cause to believe that the automobile contained evidence of a crime. At approximately 4:20 in the afternoon, Deputy Sheriff Goater, responding to a radio call, went to the Pittsford Department Store and arrested two women who had been caught stealing clothing from the store. An hour to an hour and one half earlier, Deputy Goater had investigated a shoplifting that had occurred at another department store a mile away. There he

was told that the two persons who had stolen clothing were black females, approximately five-feet six-inches tall, weighing 124 to 135 pounds. One of the women was wearing a plaid dress and the other, a white sundress. The woman wearing the white dress had red hair. Deputy Goater recognized that the two women he arrested matched this detailed description.

As Deputy Goater was talking to the woman, an unidentified witness told him that she had seen the two women get out of an automobile parked across the street. He called by radio for a license plate check on the parked automobile and was told that the automobile was registered to defendant, one of the women under arrest. From this information, Deputy Goater had reasonable grounds to believe that defendant's automobile contained clothing stolen from the other department store.

Defendant argues that probable cause is lacking because Deputy Goater had no information that the thieves left the scene of the theft in an automobile. Nevertheless, based on the facts that the two women had arrived at the Pittsford Department Store in defendant's automobile and they matched the description of the thieves, it was reasonable to conclude that they had left the location of the other department store in the automobile. Further, since neither of the women had the stolen clothing on her person, it was reasonable to believe that the clothing was in the automobile.

Not only did Deputy Goater have probable cause to believe that the automobile contained evidence of a crime—the stolen clothing—but he conducted the search close in time and place to the arrest of defendant. It should not matter that defendant was arrested for stealing at the Pittsford Department Store and not for stealing the clothing found in her automobile. The same information that provided probable cause to believe that the automobile contained evidence of a crime also provided probable cause for the arrest of defendant as the perpetrator of that crime. Had she not already been under arrest, she most likely would have been arrested for possession or theft of the clothing found in her automobile.

Based on its determination that the search of the automobile was illegal, the court suppressed the identification testimony of an eyewitness. Since we hold that the search was legal, in-court identification testimony of the eyewitness should be permitted.

■ The court also erred in suppressing defendant's admis-

sions. Following her arrest, defendant was taken to the Sheriff's Department where she was advised of her constitutional rights by Deputy Sheriff Connor. She said she understood her rights and agreed to speak to the Deputy. She then admitted that she and her companion had stolen the articles of clothing found in her automobile from a third department store and had driven to the Pittsford Department Store where they were arrested. In suppressing this statement, the court wrote that in her papers supporting the motion to suppress the statement, defendant alleged that "any statements obtained by the police were made after threats were made to the defendant and after promises were made to the defendant by the police", and it suppressed defendant's statement because "there was no testimony that threats or promises were not made to the defendant by any or all of the police officers who had contact with her prior to her *Miranda* warnings being given."

On direct examination, Deputy Connor did not expressly state that he made no promises or threats to defendant and the issue was not pursued on cross-examination. Nevertheless, he did testify to what occurred in defendant's presence and this testimony is devoid of any suggestion of threats or promises.

Deputy Goater's testimony, likewise, was devoid of any suggestion of threats or promises. Although other Deputies who had custody of defendant did not testify at the hearing, the prosecutor had no obligation to produce these witnesses. As stated by the Court of Appeals in *People v Witherspoon* (66 NY2d 973, 974): "[D]efendant presented no bona fide factual predicate which demonstrated that such [other] officers possessed material evidence on the question of whether the statements were the product overtly or inherently of coercive methods, so the People could meet their burden through the testimony of the officer who elicited the confession." In *Witherspoon (supra,* p 974), as here, "[t]he attorney's affidavit in support of the motion to suppress was conclusory and defendant offered no evidence at the hearing".

We reject defendant's contention that defendant's statement must be suppressed because she had previously made an incriminating statement in response to questioning by the police in the absence of *Miranda* warnings. This contention is based upon the "letting the cat out of the bag" theory, "which treats successive confessions as equally inadmissible, where the first is infected by the absence of *Miranda* warnings and the others follow in short order, even though accompanied by

warnings" *(People v Parker,* 82 AD2d 661, 668, *affd on opn at App Div* 57 NY2d 815). Here, there was no prior confession. The only incriminating statement made by defendant in the absence of *Miranda* warnings was that she owned the automobile parked across the street from the Pittsford Department Store. The police already knew this because they had made a license plate check of the automobile; hence, this admission had no bearing on defendant's later confession to the theft.

Accordingly, the order appealed from should be modified by reversing the parts of the order suppressing the evidence found in defendant's automobile, suppressing defendant's statement, and suppressing in-court identification testimony of the eyewitness, and by denying defendant's motion to suppress the evidence, statement, and in-court identification testimony.

DENMAN, J. P., PINE, LAWTON and SCHNEPP, JJ., concur.

Order unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with opinion by Boomer, J.