■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ADAMS, Appellant. [678 NYS2d 754] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was not denied his right to be present at trial when sidebar conferences with two prospective jurors were conducted in his absence. The record establishes that defendant waived his right to be present at those conferences (*see, People v Vargas*, 88 NY2d 363, 375-376; *People v Dennis*, 206 AD2d 843, *lv denied* 84 NY2d 867). Defendant failed to preserve for our review his contention that he was denied a fair trial by alleged improper comments by the prosecutor on summation (*see, People v Medina*, 53 NY2d 951, 953; *People v Lovett*, 161 AD2d 1139, *lv denied* 76 NY2d 860). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495); the sentence is neither unduly harsh nor severe; and defendant was not deprived of a fair trial by cumulative error.

Defendant contends, and the People concede, that the count charging criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) must be dismissed pursuant to CPL 300.40 (3). Because defendant was convicted of the greater offense of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), the inclusory concurrent count must be dismissed (*see, People v Jones*, 254 AD2d 780 [decided herewith]; *People v Gay*, 190 AD2d 861, 862, *lv denied* 81 NY2d 970; *People v Wilson*, 162 AD2d 747, 748, *lv denied* 76 NY2d 945; *see also, People v Cotton*, 214 AD2d 994, *lv denied* 86 NY2d 733). We therefore modify the judgment by reversing defendant's conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon and dismissing count three of the indictment. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd

Degree.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.