■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO JOHNSON, Appellant. [759 NYS2d 260] —Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered May 23, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the third degree (§ 265.02 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [4]). Defendant contends that the evidence is legally insufficient to sustain the conviction because the People failed to disprove his alibi defense. Defendant failed to renew his motion to dismiss at the close of his case and thus "waive[d] subsequent review of that determination" (*People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant failed to preserve his contention for our review by his general motion to dismiss at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, Supreme Court properly denied his suppression motion. The record of the suppression hearing establishes that the police advised defendant that he was being detained for a matter unrelated to initial statements that he had made to the police. Thus, it cannot be said that his statements concerning the crimes at issue herein made to the police after he waived his *Miranda* rights were tainted by questioning concerning the unrelated matter that preceded his waiver of those rights (*see People v Johnson*, 121 AD2d 84,

87-88 [1986]). We further reject defendant's contention that the court erred in admitting testimony concerning the victim's statement to an eyewitness. The testimony was properly admitted under the present sense impression exception to the hearsay rule (*see People v Buie*, 86 NY2d 501, 505-506 [1995]; *People v Montgomery*, 224 AD2d 914 [1996], *lv denied* 88 NY2d 882 [1996]). Defendant was not deprived of a fair trial by prosecutorial misconduct on summation. Any "improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]; *see e.g. People v White*, 270 AD2d 838, 838-839 [2000], *lv denied* 95 NY2d 806 [2000]). Also contrary to defendant's contention, the court properly allowed the prosecutor to cross-examine one of defendant's alibi witnesses concerning uncharged crimes committed by the witness. The cross-examination was relevant with respect to the credibility of the witness and his relationship to defendant (*see e.g. People v Burwell*, 159 AD2d 407, 409 [1990], *lv denied* 76 NY2d 785 [1990]).

We also reject the contention of defendant that he should have been permitted to retain an expert to testify with respect to eyewitness identifications. The court properly determined that the proposed testimony was "not beyond the ken of the ordinary juror" and therefore properly refused to permit defendant "to retain, at public expense, an expert on the reliability of identification evidence or to offer expert testimony on this issue at trial" (*People v Anderson*, 218 AD2d 533, 534 [1995], *lv denied* 87 NY2d 844 [1995]). Contrary to defendant's further contention, the court properly permitted the People to offer limited rebuttal testimony tending to disprove defendant's alibi defense (*see People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 NY2d 1047). Finally, the sentence is neither unduly harsh nor severe. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.