■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. CLARK, Appellant. [766 NYS2d 710] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 19, 2002, upon a verdict convicting defendant of the crimes of driving while ability impaired by drugs, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest, and the violation of driving without headlights.

Defendant argues that his conviction for driving while ability impaired by drugs is not supported by legally sufficient evidence and is against the weight of the evidence. He also asserts that his sentence is harsh and excessive. To resolve the first issue, we view the evidence in the light most favorable to

the People to see if it provides "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley,* 69 NY2d 490, 495 [1987]). The evidence is that while on routine patrol in the City of Schenectady, Schenectady County on the night of November 17, 2000, two police officers observed a vehicle approaching them without its headlights on. As they watched, it turned into an intersecting street, pulled to the curb and defendant exited the vehicle. He approached the police car, but when the officers started to exit the car, defendant ran. In the ensuing chase and capture, one of the officers used pepper spray to help subdue defendant. A glassine envelope containing a white substance was found in defendant's car and a glass pipe of the type used to smoke crack cocaine was found on defendant's person. As a result, State Trooper Joseph Germano, a certified drug recognition expert, was called and he performed a standardized 12-step evaluation process. He testified that, in his opinion, defendant's ability to operate his vehicle was impaired by the use of crack cocaine. Of note, during the 12-step process, defendant admitted to having smoked crack cocaine earlier that evening. Thus, we conclude that there is legally sufficient evidence to support the conviction.

Defendant's argument that the conviction was against the weight of the evidence is based on his assertion that Germano lacked credibility. If a contrary verdict would not be unreasonable, we are required to weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences to determine whether the verdict is against the weight of the evidence (*see id.* at 495). Defendant presented no conflicting testimony, relying solely on those portions of Germano's direct and cross-examination which revealed that certain of the tests he performed during the 12-step evaluation did not point to drug impairment. We find nothing in Germano's testimony which affects his credibility nor are we persuaded that the jury failed to accord the proper weight to the totality of the evidence.

Lastly, we find no merit to defendant's contention that his sentence was harsh and excessive. He received two consecutive prison sentences of 1 to 3 years for the convictions of driving while ability impaired by drugs and aggravated unlicensed operation of a motor vehicle in the first degree. He was also sentenced to concurrent jail terms of one year for resisting arrest and 15 days for driving without headlights. Defendant's criminal history reveals at least two prior convictions of driving while intoxicated and, when arrested for the current of-

fense, his license had been revoked because of a prior conviction of driving while intoxicated. Under these circumstances, defendant has not established the existence of any extraordinary circumstances which would warrant modification nor has he established that the punishment imposed is unduly harsh (*see People v Domin,* 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918 [2001], *amended* 291 AD2d 580 [2002]; *People v Keller,* 238 AD2d 758, 759 [1997]).

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.