THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. HOLLOWAY, Appellant. [790 NYS2d 797]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered September 18, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that the People were required to produce at the *Huntley* hearing the police officer identified in their CPL 710.30 notice and that they failed to meet their burden by instead producing the officer's partner as a witness at the hearing. Defendant thus contends that Supreme Court erred in refusing to suppress his statement to the police that, "I did it, but they are not going to disrespect me in [my] own house." We reject that contention. The People were not "mandated to produce all police officers who had contact with the defendant from arrest to the time the challenged statement[ ]" was made (*People v Witherspoon*, 66 NY2d 973, 974 [1985]). The partner of the officer identified in the CPL 710.30 notice testified at the hearing that he was in the presence of the officer from the time they both left the police vehicle until defendant spontaneously made the statement while being handcuffed. He further testified that he could not recall that the officer identified in the CPL 710.30 notice made any statements to defendant. Defendant presented "no bona fide factual predicate which demonstrated that [the officer identified in the CPL 710.30 notice] possessed material evidence on the question of whether the statement [was] the product overtly or inherently of coercive methods" (*Witherspoon*, 66 NY2d at 974; *see People v Johnson*, 121 AD2d 84, 87 [1986]). Defendant subsequently waived his *Miranda* rights before making further statements to an investigator, and thus the court properly refused to suppress those further statements. Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.