# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1380

KA 08-02005

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LUIS A. GONZALEZ, DEFENDANT-APPELLANT.

---

CHRISTINE M. COOK, SYRACUSE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 22, 2006. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated and driving while ability impaired by drugs and, upon a nonjury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired by drugs ([DWAI] § 1192 [4]), and convicting him, pursuant to a "stipulation," of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]). According to the evidence presented at trial, two police officers in separate patrol cars observed defendant operating a motor vehicle while talking on his cellular telephone. They further observed that he was not wearing his seatbelt, and was improperly driving down the middle of the roadway. When the officers stopped defendant's vehicle, defendant pulled into a private driveway and, in the process of doing so, he struck the curb, drove onto the lawn, and failed to use his turn signal. Defendant then exited the vehicle but was ordered back into the vehicle. He had trouble re-entering the vehicle, and stated that he was in a lot of pain. The officers detected the odor of alcohol and noticed that defendant's eyes were bloodshot and glassy and that his speech was slurred. Defendant admitted that, approximately one hour prior to the traffic stop, he drank one beer and took two Vicodin, which were prescribed to him for pain. Defendant submitted to several field sobriety tests, which led the officers to conclude that he was intoxicated by alcohol or impaired by drugs. Defendant was arrested and refused to submit to a breathalyzer test or a blood test.

Defendant contends on appeal that the evidence at trial established only that he was allegedly impaired by the *combined* effects of alcohol and Vicodin, and that the convictions of DWI and DWAI must be reversed because the People failed to present the requisite evidence of impairment by each of the substances separately. We reject that contention, inasmuch as the evidence presented at trial is sufficient to establish that he was separately impaired by alcohol and by drugs.

A conviction of DWI under Vehicle and Traffic Law § 1192 (3) may be based upon "evidence that [a defendant] failed all his field sobriety tests, smelled of alcohol, had glassy eyes and slurred his speech" (*People v Scroger*, 35 AD3d 1218, *lv denied* 8 NY3d 950). Here, the officers found that defendant exhibited all of those traits when he was pulled over. We thus conclude that the evidence is legally sufficient to support the DWI conviction, exclusive of the evidence presented in support of the DWAI conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the DWAI conviction, the jury had to find that defendant ingested a drug listed in Public Health Law § 3306, that defendant operated a motor vehicle, and that his ability to operate the motor vehicle was impaired by the drug (*see* Vehicle and Traffic Law §§ 114-a, 1192 [4]). Here, defendant admitted to the officers during the traffic stop and he testified at trial that, approximately one hour prior to the traffic stop, he ingested two Vicodin. A pharmacist testified for the People that Vicodin is also known as hydrocodone, and we note that hydrocodone is a drug listed in Public Health Law § 3306 (Schedule II [b] [1] [10]). The pharmacist further explained that Vicodin, "or hydrocodone," is a central nervous system depressant. We thus conclude that the evidence, i.e., the testimony of the arresting officers regarding defendant's actions during the traffic stop, defendant's admission that he took the Vicodin, and the testimony of the pharmacist, is legally sufficient to support the DWAI conviction, exclusive of the evidence presented in support of the DWI conviction (*see generally Bleakley*, 69 NY2d at 495).

Finally, defendant's challenge to the severity of the sentence is equally without merit, particularly in view of his prior DWI convictions.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court