# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

27
KA 12-01343
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ROBIN DROUIN, DEFENDANT-APPELLANT.

---

JOSEPH P. MILLER, CUBA, FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT (MICHAEL B. FINN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered May 17, 2012. The judgment convicted defendant, upon a jury verdict, of vehicular manslaughter in the second degree and criminally negligent homicide.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of vehicular manslaughter in the second degree (Penal Law § 125.12 [1]) and criminally negligent homicide (§ 125.10). Contrary to the contention of defendant, we conclude that the evidence is legally sufficient to support the conviction. With respect to the vehicular manslaughter conviction, defendant contends that the People failed to establish that she ingested a drug set forth in Public Health Law § 3306 or that her ability to operate the motor vehicle was impaired by such drug (see Penal Law § 125.12 [1]; Vehicle and Traffic Law §§ 114-a, 1192 [4], [4-a]). We reject that contention. Defendant admitted to the arresting officer that, prior to the accident, she ingested oxycodone and alprazolam, both of which are listed in Public Health Law § 3306 (Schedule II [b] [1] [14]; Schedule IV [c] [1]). Several witnesses, including law enforcement officers and a registered nurse who examined defendant at the hospital, testified that defendant exhibited classic signs of drug impairment, including glassy, bloodshot eyes; dilated pupils; slurred speech; and poor motor coordination and balance (see People v Gonzalez, 90 AD3d 1668, 1668-1669; People v Curkendall, 12 AD3d 710, 713, lv denied 4 NY3d 743; People v Kraft, 278 AD2d 591, 591, lv denied 96 NY2d 864). Defendant also failed four out of the six standard field sobriety tests administered at the hospital. Further, a certified drug recognition expert concluded based upon his evaluation of defendant that she was under the influence of a central nervous system depressant and a narcotic analgesic, and that she "was impaired and unable to operate a

motor vehicle safely down the road" (*see People v Clark*, 309 AD2d 1076, 1077; *People v Crandall*, 255 AD2d 617, 618-619).  With respect to causation, once "it is established that the defendant was unlawfully . . . impaired while operating the vehicle, 'there [is] a rebuttable presumption that, *as a result of such [impairment] . . . ,* [the defendant] operated the motor vehicle . . . in a manner that caused such death' " (*People v Stickler*, 97 AD3d 854, 855, *lv denied* 20 NY3d 989, quoting Penal Law § 125.12 [emphasis added]; *see People v Mojica*, 62 AD3d 100, 108-109, *lv denied* 12 NY3d 856).  Here, although defendant claimed that the accident occurred because she was distracted by the presence of an "unusually large number of waterfowl," and not because she was impaired, we conclude that the above evidence, coupled with the circumstances of the accident, provided the jury with a rational basis to reject that explanation (*see Curkendall*, 12 AD3d at 713).  We thus conclude that the evidence is legally sufficient to establish defendant's guilt of vehicular manslaughter in the second degree beyond a reasonable doubt (*see People v Bain*, 85 AD3d 1193, 1194, *lv denied* 17 NY3d 902; *see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the conviction of criminally negligent homicide, Penal Law § 125.10 provides that "[a] person is guilty of criminally negligent homicide when, with criminal negligence, he [or she] causes the death of another person."  Criminal negligence "requires a defendant to have 'engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of' a proscribed result," such as death (*People v Conway*, 6 NY3d 869, 872, quoting *People v Boutin*, 75 NY2d 692, 696; *see* § 15.05 [4]).  Here, we conclude that the evidence that defendant took an oxycodone tablet that was not prescribed to her, in combination with other prescription medications that had been prescribed to her, and then operated a motor vehicle "demonstrated that [she] engaged in conduct exhibiting 'the kind of seriously blameworthy carelessness whose seriousness would be apparent to anyone who shares the community's general sense of right and wrong' " (*People v Asaro*, 21 NY3d 677, 685, quoting *People v Cabrera*, 10 NY3d 370, 377; *see Conway*, 6 NY3d at 871-872; *Kraft*, 278 AD2d at 592).

Defendant's contention that the verdict is against the weight of the evidence "is raised for the first time in [her] reply brief and therefore is not properly before us" (*People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929).  Contrary to the further contention of defendant, we conclude that County Court did not err in refusing to suppress her statements to the police.  Defendant was not in police custody when the police initially questioned her at the hospital and, in any event, we conclude that the questions were investigatory rather than accusatory in nature (*see People v Prue*, 8 AD3d 894, 897, *lv denied* 3 NY3d 680; *People v O'Hanlon*, 5 AD3d 1012, 1012, *lv denied* 3 NY3d 645; *People v Bongiorno*, 243 AD2d 719, 720, *lv denied* 91 NY2d 889; *People v Bowen*, 229 AD2d 954, 955, *lv denied* 88 NY2d 1019).  We further conclude that "the record of the suppression hearing establishes that [defendant] was not [impaired by drugs] to such a degree that [s]he was incapable of voluntarily, knowingly, and

intelligently waiving [her] *Miranda* rights" (*People v Cimino*, 49 AD3d 1155, 1157, *lv denied* 10 NY3d 861 [internal quotation marks omitted]; *see People v Downey*, 254 AD2d 795, *lv denied* 92 NY2d 1031).  Contrary to defendant's contention, the People met their burden of proof at the suppression hearing through the testimony of the two investigating officers who elicited the challenged statements, and the People were not required to produce a third officer who had minimal contact with defendant upon her initial arrival at the hospital (*see People v Witherspoon*, 66 NY2d 973, 974; *People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846; *People v Holloway*, 16 AD3d 1062, 1063, *lv denied* 5 NY3d 763).

Although we agree with defendant that the court improperly admitted in evidence a photograph of the victim taken when she was alive because such evidence was not relevant to any material fact to be proven at trial (*see People v Stevens*, 76 NY2d 833, 835-836; *People v Colon*, 102 AD3d 705, 705, *lv denied* 21 NY3d 942; *People v Dove*, 233 AD2d 751, 754, *lv denied* 89 NY2d 1011), we conclude that the error is harmless inasmuch as there was "overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to [her] conviction[]" (*Colon*, 102 AD3d at 705; *see People v Jackson*, 41 AD3d 1268, 1269; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to the contention of defendant, we conclude that the sentence is not unduly harsh and severe.  Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 21, 2014                        Frances E. Cafarell
                                                 Clerk of the Court