People v Tomion (2019 NY Slip Op 05912)





People v Tomion


2019 NY Slip Op 05912


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


552 KA 17-00364

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BONNIE R. TOMION, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Stephen D. Aronson, A.J.), rendered November 3, 2016. The judgment convicted defendant, upon a nonjury verdict, of driving while ability impaired by drugs and aggravated driving while intoxicated (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, after a nonjury trial, of felony driving while ability impaired by drugs ([DWAI] Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i]) and two counts of felony aggravated driving while intoxicated ([DWI] §§ 1192 [2-a] [b]; 1193 [1] [c] [i]). Contrary to defendant's contention, we conclude that County Court properly denied defendant's motion to suppress the statement she made immediately following her arrest. The record supports the court's determination that defendant's statement was genuinely spontaneous and was not the product of interrogation or its functional equivalent (see generally People v Rivers, 56 NY2d 476, 479 [1982], rearg denied 57 NY2d 775 [1982]; People v Ibarrondo, 150 AD3d 1644, 1645 [4th Dept 2017]). Although defendant made the inculpatory statement immediately after police told her that she was under arrest for DWAI, merely informing a defendant that he or she is under arrest does not undermine the spontaneity of a statement (see People v Cosgrove, 102 AD2d 947, 947-948 [3d Dept 1984]). In essence, defendant's statement was "a blurted out admission, . . . which [wa]s in effect forced upon the officer" (People v Grimaldi, 52 NY2d 611, 617 [1981]).
Defendant's contention that her conviction of aggravated DWI is not supported by legally sufficient evidence because there was no competent proof of the ages of the children in her vehicle is not preserved for our review inasmuch as defendant's motion to dismiss was not specifically directed at the ground advanced on appeal (see generally People v Gray, 86 NY2d 10, 19 [1995]).
Although defendant preserved her contention that her DWAI conviction is not supported by legally sufficient evidence because the People did not establish that she was impaired by a "drug" within the meaning of the Public Health Law (see Vehicle and Traffic Law § 114-a), we reject that contention. Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence was sufficient to establish that defendant was impaired by Clonazepam, a "drug" listed in Public Health Law § 3306 (Schedule IV [c] [9]). The arresting officer testified that defendant's appearance after the motor vehicle accident and her performance on several field sobriety tests led her to conclude that defendant was impaired by a drug. There was also evidence of Clonazepam in defendant's blood, and a toxicologist testified that even therapeutic amounts of the drug could cause her to exhibit signs of impairment. Taken collectively, this evidence was legally sufficient to support the DWAI conviction (see e.g. People v Drouin, 115 AD3d 1153, 1154 [4th Dept 2014], lv denied 23 NY3d 1019 [2014]; People v Gonzalez, 90 AD3d 1668, 1669 [4th Dept 2011]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court