People v Fragassi (2019 NY Slip Op 08740)





People v Fragassi


2019 NY Slip Op 08740


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

110455

[*1]The People of the State of New York, Respondent,
v
Maureen E. Fragassi, Appellant.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Mark A. Diamond, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.

Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Clinton County (Richards, J.), rendered December 19, 2016, upon a verdict convicting defendant of the crimes of driving while ability impaired by drugs, aggravated driving while intoxicated with a child, unlawful possession of marihuana and endangering the welfare of a child, and the traffic infraction of failure to signal.
After a jury trial, defendant was convicted of driving while ability impaired by drugs, aggravated driving while intoxicated with a child, unlawful possession of marihuana, endangering the welfare of a child and failure to signal. The charges arose after defendant, who had a child in the back seat of her vehicle, failed to signal turns while driving and, when stopped by law enforcement, disclosed that she had smoked marihuana. Defendant was sentenced to five years of probation for the aggravated driving while intoxicated with a child conviction, three years of probation for the driving while ability impaired by drugs conviction and three years of probation for the endangering the welfare of a child conviction, with the terms of probation to run concurrently, as well as a $100 fine for the unlawful possession of marihuana conviction. Defendant appeals, and we affirm.
Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence. When reviewing a legal sufficiency claim, the Court must "view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (People v Haggray, 164 AD3d 1522, 1524 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1111 [2018]; see People v Bueno, 18 NY3d 160, 169 [2011]). "In contrast, a weight of the evidence analysis requires us to first determine, based on all of the credible evidence, whether a different result would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Wilson, 164 AD3d 1012, 1014 [2018] [citations omitted]; see People v Sanchez, 32 NY3d 1021, 1023 [2018]). As relevant here, a person is guilty of driving while ability impaired by drugs when he or she "operate[s] a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug," including marihuana (Vehicle and Traffic Law § 1192 [4]; see Vehicle and Traffic Law § 114-a; Public Health Law § 3306 [d] [13]). A person is guilty of aggravated driving while intoxicated when, as relevant here, he or she "operate[s] a motor vehicle in violation of [Vehicle and Traffic Law § 1192 (4)] while a child who is [15] years of age or less is a passenger in such motor vehicle" (Vehicle and Traffic Law § 1192 [2-a] [b]). A "person is guilty of unlawful possession of marihuana in the second degree when he [or she] knowingly and unlawfully possesses marihuana" (Penal Law § 221.05). Finally, a person is guilty of endangering the welfare of a child when "[h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]).
The testimony at trial established that, while on routine patrol, Christopher Holland, a deputy sheriff, observed a vehicle make multiple turns without signaling. Holland initiated a traffic stop and, after he approached the vehicle and asked defendant, the driver of the vehicle, for her documents, he noticed a strong odor of marihuana emanating from the vehicle. Holland inquired about the odor and, after providing two different explanations, defendant admitted that she smoked marihuana prior to operating the vehicle. During his inquiry, Holland learned that defendant's young child was in the back seat. The child's birth certificate revealed that, at the time of the incident, he was 13 months old. Because Holland was only trained in determining whether an individual is impaired by alcohol, not drugs, he contacted Anthony Cordick, a drug recognition expert, to assist. Holland further testified that he did not observe any signs of defendant being impaired. After Cordick arrived at the scene, he administered three tests and, based upon his observations of defendant during those tests, Cordick advised Holland to arrest defendant, at which time she was brought to the police station for a full drug evaluation.
Holland testified that, when defendant arrived at the police station, she was administered her driving while ability impaired warnings, chemical test warnings and Miranda warnings. Defendant stated that she understood her rights, agreed to a chemical test and waived her right to remain silent. Cordick testified, in detail, as to the process of the 12-step evaluation that ensued, as well as his observations of defendant during the evaluation, and that, in his opinion, defendant was impaired by a central nervous system depressant, a central nervous system stimulant and marihuana, and, as such, she was unable to operate a motor vehicle in a safe condition. David Rosoff, a deputy sheriff, also testified that he assisted Holland at the scene of the traffic stop and that a search of defendant's vehicle, pursuant to her consent, yielded a substance that he identified as marihuana located in the center console of the vehicle. A subsequent test confirmed that the substance was, in fact, marihuana. Based upon this evidence, defendant's convictions were based upon legally sufficient evidence (see People v Gonzalez, 90 AD3d 1668, 1669 [2011]; People v Clark, 309 AD2d 1076, 1077 [2003]).[FN1] As to the weight of the evidence, although a different verdict would not have been unreasonable, viewing the evidence in a neutral light and giving deference to the credibility determinations of the jury, as we must, we find that the verdict is not against the weight of the evidence (see People v Rice, 162 AD3d 1244, 1246 [2018], lv denied 32 NY3d 940 [2018]; People v Torres, 146 AD3d 1086, 1087 [2017], lv denied 29 NY3d 1087 [2017]).
Defendant asserts that County Court erred in reopening the suppression hearing. Very little time had elapsed between the conclusion of the hearing, on a Friday, and the People's request to reopen the hearing, made three days later, on Monday. Also, the court had not yet reached a decision and the very limited scope of the issue for which the People sought to reopen the hearing did not pose a risk of tailored testimony. Under these circumstances, the court did not abuse its discretion in reopening the hearing (see People v Cook, 161 AD3d 708, 708 [2018], lv granted 32 NY3d 1002 [2018]; People v Whitmore, 12 AD3d 845, 846 [2004], lvs denied 4 NY3d 769, 892 [2005]).
Defendant also asserts that County Court erred in denying her motion to suppress her statements to police during the traffic stop. "A defendant is subjected to custodial interrogation, triggering his or her rights under Miranda, when a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave. Factors to be taken into account in this analysis include the location, length and atmosphere of the questioning, whether police significantly restricted [the] defendant's freedom of action, the degree of [the] defendant's cooperation, and whether the questioning was accusatory or investigatory. A court's determination that a defendant was not in custody is accorded great weight and will not be disturbed unless clearly erroneous" (People v Wager, 173 AD3d 1352 [2019] [internal quotation marks and citations omitted]; see People v Pascuzzi, 173 AD3d 1367, 1374 [2019], lv denied 34 NY3d 953 [2019]). Here, defendant was temporarily detained pursuant to a routine traffic stop, which this Court has previously determined is not custodial within the meaning of Miranda (see People v Brown, 107 AD3d 1305, 1306 [2013], lv dismissed 23 NY3d 1018 [2014]; People v Hasenflue, 252 AD2d 829, 830 [1998], lv denied 92 NY2d 982 [1998]). Defendant was stopped because she failed to signal at turns, and, after Holland smelled the odor of marihuana, he performed tests and asked for assistance from Cordick, who performed a brief drug evaluation. Thereafter, defendant was arrested, taken into custody and read her Miranda warnings. Based on the foregoing, County Court properly admitted defendant's statements as they were not made in violation of her Miranda rights (see People v Brown, 107 AD3d at 1306).
Defendant's various claims of prosecutorial misconduct during the prosecutor's opening statement and summation were not preserved for our review by specific objections at trial (see People v Sostre, 172 AD3d 1623, 1626-1627 [2019], lv denied 34 NY3d 938 [2019]; People v Stanford, 130 AD3d 1306, 1309 [2015], lv denied 26 NY3d 1043 [2015]). Defendant's companion argument, that defense counsel was ineffective for failing to object to these statements, does not amount to ineffective assistance of counsel (see People v Stanford, 130 AD3d at 1309; People v Thomas, 105 AD3d 1068, 1071-1072 [2013], lv denied 21 NY3d 1010 [2013]).
We have reviewed defendant's remaining contentions and find them to be without merit.
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's contention that the People failed to submit proof that marihuana is a qualifying drug is unpreserved as defendant failed to raise this argument in her trial order of dismissal (see generally People v Stokes, 159 AD3d 1041, 1042 [2018]).