People v Morel (2024 NY Slip Op 50013(U))

[*1]

People v Morel (Agustin)

2024 NY Slip Op 50013(U)

Decided on January 11, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 11, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch JJ.

571190/15

The People of the State of New York, Respondent, 
against
Agustin Morel, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J.), rendered September 8, 2015, convicting him, upon his plea of guilty, of driving while ability impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered September 8, 2015, affirmed.
The information charging driving while impaired by drugs (see Vehicle and Traffic Law § 1192[4]), was not jurisdictionally defective. Nonhearsay allegations established every element of the offense and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d 952, 954 [2020]). The arresting officer alleged that defendant operated a motor vehicle; that he had watery and bloodshot eyes; an "odor of marijuana on his clothes," and "ash containing marijuana on his pants"; that he admitted to the officer that he had "two puffs of marijuana" before the officer stopped him; and that defendant refused to take a urine test (see People v Drouin, 115 AD3d 1153, 1154 [2014], lv denied 23 NY3d 1019 [2014]; see also People v Cruz, 48 NY2d 419 [1979], appeal dismissed 446 US 901 [1980]). There is no requirement that the accusatory instrument also contain an allegation of erratic driving (see People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 11, 2024