People v Parker (2025 NY Slip Op 50744(U))

[*1]

People v Parker (Gordon)

2025 NY Slip Op 50744(U)

Decided on May 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 12, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570259/19

The People of the State of New York Respondent, 
against
Gordon Parker, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J. at plea; Marisol Martinez Alonso, J. at sentencing), rendered March 22, 2019, convicting him, upon a plea of guilty, of driving while ability impaired by drugs, and imposing sentence.

Per Curiam.
Judgment of conviction (Joanne B. Watters, J. at plea; Marisol Martinez Alonso, J. at sentencing), rendered March 22, 2019, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant operated a motor vehicle while his ability to do so was impaired by drugs (see Vehicle and Traffic Law § 1192 [4]). The arresting officer alleged that, on a specified date, time and street location, defendant operated a motor vehicle; that he had slurred speech, a flushed face, a strong odor of marijuana on his person and was unsteady on his feet; he admitted to the officer that he had been smoking; a bag of marijuana was recovered from inside the vehicle, as well as a bottle of prescription pills; and defendant stated that he "took five pills today" (see People v Drouin, 115 AD3d 1153, 1154 [2014], lv denied 23 NY3d 1019 [2014]; see also People v Cruz, 48 NY2d 419, 423-424 [1979], appeal dismissed sub nom Cruz v New York, 446 US 901 [1980]). These allegations gave defendant enough information of how he committed the crime to enable him to prepare a defense and to prevent him from being tried twice for the same offense (see People v Willis,  NY3d , 2025 NY Slip Op 01405, * 2 [Mar. 13, 2025, Troutman, J.]; People v Kalin, 12 NY3d 225, 230-231 [2009]). 
Even if we were to accept defendant's unpreserved contention that his plea was defective, the only relief defendant requests is dismissal of the accusatory instrument rather than vacatur of the plea, and defendant expressly requests that this court affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by remanding [*2]the matter to Criminal Court for further proceedings in the event we accept defendant's argument, dismissal is not warranted and we affirm on this basis (see People v Conceicao, 26 NY3d 375, 385 n [2015]; see e.g., People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 12, 2025