■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENCILMAN JEFFRIES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered October 20, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence to run consecutively to a prior sentence imposed in the State of Connecticut.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) reversing the conviction of murder in the second degree, and (2) vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the charge of murder in the second degree and resentencing on the conviction of criminal possession of a weapon in the second degree.

The defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree. It was alleged that on March 25, 1986, he fatally shot Donald Belmar during a dispute over money.

Belmar's girlfriend testified that the defendant, in the course of a violent altercation initiated by Belmar, produced a gun and fatally shot him in the chest. In a statement to the police, the defendant claimed that Belmar was the aggressor who pulled a gun from his waist area, and that, during a struggle for the gun, it accidentally fired and killed Belmar. According to the defendant and Belmar's girlfriend, the victim had been pulling the defendant backwards into her apartment when the gun was fired.

The Supreme Court refused the defendant's request for a justification charge on the ground that the defendant's version

of an accidental shooting was inconsistent with a justification defense. However, we find, and the People concede, that the defense of justification should have been charged, since there was a reasonable view of the evidence, viewed in the light most favorable to the defendant, which supported the defense *(see, People v Padgett,* 60 NY2d 142, 145; *People v Watts,* 57 NY2d 299, 301; *People v Steele,* 26 NY2d 526, 528-529; *People v Suarez,* 148 AD2d 367; *People v Stallings,* 128 AD2d 908, 909). It is not necessary, to support a justification charge, for the defendant to admit inflicting the fatal wound by his own hand, if the charge is otherwise supported by the evidence *(see, People v Steele, supra; People v Butts,* 72 NY2d 746; *People v Khan,* 68 NY2d 921; *People v Suarez,* 148 AD2d 368, *supra).* Based on the defendant's own testimony, the jury may have found that Belmar was the aggressor, and that the defendant's actions which caused the fatal shooting were justifiable acts of self-defense.

We note that the defendant does not challenge his conviction of criminal possession of a weapon in the second degree. However, it appears from the sentencing minutes that the Supreme Court was unaware that Penal Law § 70.25 (4) provides that sentences for terms of imprisonment imposed in this jurisdiction may run either concurrently or consecutively to undischarged sentences imposed by courts of other jurisdictions. In sentencing the defendant to concurrent terms of imprisonment to run consecutively to a prior sentence imposed in the State of Connecticut, the court apparently believed that the Penal Law mandated consecutive sentencing. Because the sentence may have been based on the court's misapprehension of the law, we remit to the Supreme Court for resentencing on the defendant's conviction of criminal possession of a weapon in the second degree *(see, People v Carrelero,* 107 AD2d 588). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.