■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT HILL, Appellant. [642 NYS2d 222] —Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J.), rendered November 29, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 15 years to life imprisonment, unanimously reversed, on the law, and the matter remanded for a new trial.

The evidence at trial established that on an October evening in 1979, defendant was involved in a steadily escalating argument with the decedent, Edward Simmons, on the Grand Concourse of the Bronx, arising from a collision between the latter's car and his own. The altercation apparently reached a homicidal flash point after Simmons allegedly resorted to racial and other extreme epithets. The tragic outcome was the death of Simmons by six bullets fired into his head from a .22 caliber pistol. Shortly after the shooting, defendant absconded to Georgia, where he surrendered on this indictment a decade later.

The collision occurred near the apartment where defendant lived, and the fatal encounter that followed was witnessed by several neighbors who testified. Not surprisingly—due in part to the long lapse of time and different vantage points—there were many contradictions in the varying versions, although two of them placed the gun in defendant's hand and one described defendant as firing some shots at the prostrate body of the victim.

Defendant, 64 years of age at the time of trial and without any prior criminal convictions, testified that it was Simmons who first produced a pistol while defendant's back was turned, and when he spun around in response to a bystander's warning, the latter was aiming at his face. At this point, defendant attacked Simmons and the two then struggled over the weapon. Defendant said he managed to turn the gun toward Simmons' face and it "went off", although defendant was unable to say how many times because it was so close to his ear.

Because defendant denied any intent to kill Simmons and essentially claimed that the killing was an unintentional and accidental by-product of the struggle, the trial court declined, over objection, to charge the defense of justification. If the jury chose to believe defendant, a reasonable view of the evidence could have established self-defense. Under these circumstances, the court's refusal to instruct the jury as to justifiable homicide (Penal Law § 35.15 [2] [a]) was manifest error (*People v Jeffries*, 166 AD2d 665, *lv denied* 77 NY2d 962; *People v Suarez*, 148 AD2d 367; *People v Huntley*, 87 AD2d 488, *affd* 59 NY2d 868). Contrary to the People's contention, we find the error fully preserved. Nor can we agree that the charge as given satisfactorily presented the exculpatory elements of self-defense.

To be sure, the People argue that since the autopsy testimony of the medical examiner noted six shots to the decedent's head, there is no reasonable view of the evidence to support justifiable homicide. This contention ignores controlling precedent that when evidence is proffered in support of the defense, "the defendant is entitled to the most favorable view of [that] evidence" (*People v Torre*, 42 NY2d 1036, 1037, citing *People v Steele*, 26 NY2d 526, 529), a standard which was met in the record before us. Even if the jury were to find that defendant employed excessive force after gaining some control of the gun and repelling the decedent's attack, the People still had the burden of establishing that it was the excessive portion of the force that caused death (*People v Patterson*, 21 AD2d 356, 361). No such showing was made here.

For the guidance of the court in the event of retrial, we would note another prejudicial error which must be avoided. During the course of cross-examination, the prosecutor relentlessly pressed defendant to characterize the testimony of the People's witnesses as "lies" and the witnesses themselves as "liars". Since on occasion even the court lent its own weight in support of this improper form of impeachment, defendant was denied a fair trial on this ground alone (*People v Ortiz*, 207 AD2d 279, *lv denied* 84 NY2d 909; *People v Garcia*, 169 AD2d 358, *lv denied* 79 NY2d 857).

In view of the foregoing, it is unnecessary to consider the other points raised by defendant. Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.