■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENALDO MORGAN, Also Known as REYNALDO MORGAN, Appellant. [737 NYS2d 108] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 10, 1999, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction for murder in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the charge of murder in the second degree.

The defendant's defense was that he shot the murder victim in self-defense. According to the defendant's account of the shooting, as related in his out-of-court statements, a third man, acting in concert with the murder victim, hit the defendant in the face with a gun. The defendant grabbed for the gun, which fired and struck the murder victim in the head.

The trial court instructed the jury that the defendant was justified in shooting the murder victim if he reasonably believed the murder victim was about to use deadly physical force against him. However, the defendant's request to instruct the jury that he was justified if he reasonably believed that the third man was about to use deadly physical force against him was denied. This was error.

A justification charge should be granted when a reasonable view of the evidence, viewed in a light most favorable to the defendant, supports the charge. A defendant need not admit to intentionally inflicting the fatal wound by his own hand, if the charge is otherwise supported by a reasonable view of the evidence (*see, People v Hill,* 226 AD2d 309; *People v Jeffries,* 166 AD2d 665). In this case, a reasonable view of the evidence would support a finding that the defendant responded to the use of deadly physical force from the third man and that, in the struggle for the gun, it accidentally fired, killing the murder victim. Thus, the trial court erred in failing to instruct the jury on justification arising from the threat of deadly physical

force by the third man (*see, People v Morris,* 109 AD2d 413; *People v Hill, supra; People v Jeffries, supra;* Annotation, *Unintentional Killing of or Injury to Third Person During Attempted Self-Defense,* 55 ALR3d 620). Since the defendant's case rested on finding that he was justified in responding to the threat of deadly physical force from the third man, the failure to instruct the jury on this point was not harmless error.

We further note that the admission of testimony that the defendant was in custody in Pennsylvania on unrelated charges at the time he made statements to the police about the instant case was irrelevant under the facts of the case. At the new trial on the charge of murder in the second degree, such testimony that he was in custody in Pennsylvania should not be admitted if the defendant, as he did at this trial, admits the voluntariness of the statements.

The evidence of the defendant's guilt of the remaining charges was overwhelming. The defendant does not dispute that the defense of justification did not apply to those charges. In his out-of-court statements he admitted to the substance of those charges. Accordingly, the admission of evidence that the defendant was in custody in Pennsylvania was harmless with the respect to his conviction of the remaining charges (*see, People v Crimmins,* 36 NY2d 230). Florio, J.P., Goldstein, McGinity and H. Miller, JJ., concur.