■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINICIO ROSARIO, Appellant. [740 NYS2d 23] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered June 1, 1999, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 15 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence disproving his justification defense is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People disproved that

defense beyond a reasonable doubt since there was adequate proof to establish that defendant and his opponent had tacitly agreed to engage in a gun battle, placing the life of innocent bystanders in peril, and causing the death of such a bystander (*see*, Penal Law § 35.15 [1] [c]; *People v Russell*, 91 NY2d 280). The evidence included testimony, admitted with defendant's approval, that, shortly before the incident, defendant's opponent used an expression constituting, in the local parlance, a challenge to a gunfight. The evidence warranted a conclusion that, following the opponent's challenge, defendant chose to leave the scene to arm himself and returned to await the impending gunfight. Furthermore, in weighing conflicting testimony, the jury could have reasonably concluded that defendant was not the victim of a surprise attack, and that prior to any shooting he moved toward his opponent while displaying a pistol. The fact that defendant's opponent may have fired first is irrelevant since the gun battle was illegal from its inception.

In light of this evidence, the court properly instructed the jury on the principle of combat by agreement (*see, People v Russell, supra*). There was also a reasonable view of the evidence that defendant used deadly physical force at a time that his opponent no longer posed a threat, in that he had stopped shooting, and the court properly instructed the jury on that subject as well (*see, People v Del-Debbio*, 244 AD2d 195, *lv denied* 91 NY2d 925). Defendant's remaining contentions concerning the court's charge are unpreserved and we decline to review them in the interest of justice.

There was a good faith basis for the challenged portions of the prosecutor's cross-examination of the defense witnesses as well as the court's questioning and directions to one of these witnesses. The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We perceive no basis for a reduction of sentence. Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.