■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO YOUNG, Also Known as DAWGS, DOGS and O, Appellant. [825 NYS2d 147]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 29, 2003, upon a verdict convicting defendant of the crimes of murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and conspiracy in the second degree.

On February 28, 2002, the victim and three of his friends drove around the City of Schenectady, Schenectady County in search of defendant, allegedly intending to shoot him. The victim believed that defendant had been hired by a former friend and fellow drug dealer, Norman Booth, to kill him and was also angry about an incident two days earlier in which defendant and Booth had chased the victim's girlfriend as she drove in her car. Shortly before 9:00 P.M., they found defendant walking on the street and a gunfight ensued. Defendant shot the victim in the chest and, thereafter, the victim died. Subsequently, defendant was charged in an indictment with numerous crimes related to the shooting.[1] Following trial, a jury convicted defendant of murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and conspiracy in the second degree. He was sentenced, as a second felony offender, to an aggregate term of life in prison without the possibility of parole plus 12 1/2 to 25 years. Defendant now appeals, arguing that County Court committed reversible error in its instructions on his justification defense. We agree and now reverse his convictions of murder in the first degree, criminal possession of a weapon in the second degree and conspiracy in the second degree.

---

1. Defendant was charged with additional crimes in the same indictment for acts allegedly perpetrated two days earlier that were related to the crimes that are the subject of this appeal. Defendant was ultimately found not guilty of the additional charges or the charges were dismissed.

Defendant's conviction of murder in the first degree is premised on a murder for hire theory. As relevant here, the Penal Law provides that "[a] person is guilty of murder in the first degree when . . . he [or she intentionally] causes the death of [another] person[ ] and . . . the defendant committed the killing or procured commission of the killing pursuant to an agreement with a person other than the intended victim to commit the same . . . in expectation of the receipt[ ] of anything of pecuniary value from a party to the agreement" (Penal Law § 125.27 [1] [a] [vi]). Defendant concedes that there was evidence of a murder for hire conspiracy between Booth and himself, but argues that it was the conduct of the victim and his friends in instigating the violent confrontation, as opposed to the alleged contract, that precipitated the fatal shooting. In other words, defendant maintains that regardless of whether there was a contract, the evidence demonstrates that there was no murder because the victim and his cohorts were the initial aggressors and he acted justifiably in self-defense. He argues, however, that County Court's instructions to the jury on self-defense prevented the jury from fairly evaluating the pertinent issues. Specifically, he challenges the court's instruction that the jury should consider only the behavior of the victim— requiring the jury to disregard the presence and conduct of the victim's friends—in determining whether defendant reasonably believed that imminent deadly physical force was being used or about to be used against him.[2]

Pursuant to Penal Law § 35.15 (2) (a), a person may not use deadly force upon another person unless he or she reasonably believes that the other person is using or about to use deadly physical force and the defender cannot safely retreat. Generally, "a justification charge is proper when, viewing the evidence in the light most favorable to the defendant, the jury, based upon a reasonable view of the evidence, could find that the defendant's acts were justified" (*People v Mothon*, 284 AD2d 568, 569 [2001], *lv denied* 96 NY2d 865 [2001]; *see People v McManus*, 67 NY2d 541, 549 [1986]; *People v Lauderdale*, 295 AD2d 539, 540 [2002]). In determining whether a defendant's acts were justified, the jury must consider whether the "defendant believed

---

**2.** Defendant's arguments implicate the People's proof of the elements of counts one, four and seven of the indictment charging murder in the first degree (*see* Penal Law § 125.27 [1] [a] [vi]), criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [2]) and conspiracy in the second degree (*see* Penal Law § 105.15), respectively. Defendant makes *no arguments* with respect to the evidence supporting his convictions on counts five and six, which both charged criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1], [4]).

physical force (or deadly physical force) was necessary to defend against the imminent use of physical force (or deadly physical force) . . . [and, if so,] whether a reasonable person would have held that belief under the circumstances which existed" (*Matter of Y.K.*, 87 NY2d 430, 434 [1996]).

Particularly relevant here, the objective element of the defense—the reasonableness of a defendant's belief under the circumstances—requires a consideration of the totality of the circumstances surrounding the defendant at the time force is used (*see People v Wesley*, 76 NY2d 555, 559 [1990]; *People v Goetz*, 68 NY2d 96, 113-115 [1986]). Thus, a jury is not limited to consideration of the victim's actions at the time of the incident and should be instructed to consider, if presented, evidence of prior acts committed by the victim of which defendant had knowledge, the physical characteristics of all persons involved and the behavior of third-party aggressors acting in concert with the victim (*see Matter of Y.K., supra* at 434; *People v Wesley, supra* at 559; *People v Goetz, supra* at 114; *see also* CJI2d[NY] Defenses, Justification: Use of Deadly Physical Force in Defense of a Person). Contrary to the People's argument, the fact that a defendant's conduct was directed at a particular attacker does not preclude the jury from considering the conduct of third-party aggressors involved in the altercation in determining whether a defendant reasonably believed that he or she was being subjected to deadly physical force (*see Matter of Y.K., supra* at 434; *People v Wesley, supra* at 560).

Here, over defense counsel's objection, County Court initially instructed the jury to consider only the behavior of the victim in determining whether defendant reasonably believed that imminent deadly force was to be used against him and it repeated that instruction in response to a jury request during deliberations. Inasmuch as this instruction precluded the jury, in assessing the reasonableness of defendant's belief that he was in deadly peril, from considering all of the circumstances surrounding him from his point of view at the time that he used deadly force, we agree with defendant that the charge was erroneous (*see People v Wesley, supra* at 560; *People v Lauderdale, supra* at 540).

Moreover, the error cannot be deemed harmless beyond a reasonable doubt. Given the history of the escalating aggression between defendant and the victim, conflicting evidence regarding who fired the first shot and testimony from the People's own witnesses that the victim and his friends were searching for defendant with the intent of shooting him, we cannot agree with the People's assertion that there was overwhelming evi-

dence to establish that defendant did not act in self-defense. In our view, the jury may have reached different conclusions regarding both the reasonableness of defendant's belief that he was defending himself in response to deadly peril and the viability of safe retreat when he was confronted on foot by four men in an automobile—two of whom fired multiple shots at defendant—as opposed to a lone gunman (*see People v Wesley, supra* at 560; *People v Lauderdale, supra* at 540; *see also People v Gudz*, 18 AD3d 11, 16-17 [2005]).

Accordingly, reversal is required and the matter must be remitted for a new trial on counts one, four and seven of the indictment. Defendant's remaining arguments, with the exception of his contention that County Court erred in instructing the jury regarding combat by agreement, are academic and, thus, we will not address them. With respect to combat by agreement, the parties concur that defendant's assertions are unpreserved. We conclude that defendant's assertions are unpersuasive and do not warrant reversal in the interest of justice. A justification defense may be negated by proof that "[t]he physical force involved is the product of a combat by agreement not specifically authorized by law" (Penal Law § 35.15 [1] [c]). Here, there was evidence to support a conclusion that defendant and the victim were members of "rival groups [that] tacitly agreed, pursuant to an unwritten code of macho honor, that there would be mutual combat" (*People v Russell*, 91 NY2d 280, 288 [1998] [internal quotation marks and citation omitted]). Therefore, County Court did not err in instructing the jury regarding combat by agreement.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of murder in the first degree, criminal possession of a weapon in the second degree and conspiracy in the second degree under counts one, four and seven of the indictment; matter remitted to the County Court of Schenectady County for a new trial on said counts; and, as so modified, affirmed.