■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAINO AYALA, Appellant. [838 NYS2d 107]—Appeal by the defendant from a judgment of the County Court, Putnam County (Miller, J.), rendered July 16, 2003, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Mustafa,* 132 AD2d 628, 629 [1987]).

The defendant's contention that the court erred in failing to instruct the jury that "combat by agreement" is an exception to the duty to retreat, a duty generally required to be discharged in order to establish the defense of justification, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Moultrie,* 6 AD3d 730 [2004]) and, in any event, is without merit (*see* Penal Law § 35.15 [1] [c]; [2]; *People v Young,* 33 AD3d 1120, 1124 [2006]; *People v Rosario,* 292 AD2d 324, 324-325 [2002]; *see also Matter of Kim H.,* 112 AD2d 160, 161 [1985]).

The record does not support the defendant's claim of ineffective assistance of counsel (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712 [1998]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his supplemental pro se brief regarding a statement he made to law enforcement officials before being given his Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]), the propriety of the People's opening statement and summation, the forensic report, and an alleged Sandoval violation (see People v Sandoval, 34 NY2d 371 [1974]), are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, are without merit. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.