■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ROLLINS, Also Known as Boo, Appellant. [858 NYS2d 474]—

Stein, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 4, 2003, upon a verdict convicting defendant of the crimes of manslaughter in the first degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (four counts).

Defendant's nephew, Sean Shaw, had a personal conflict with the victim's friend, Terrence Crippen, over a girl. Defendant was aware that tension was building between Shaw and Crippen, that Shaw possessed a gun and that Crippen and his friends carried guns. Defendant was also aware that, sometime after the victim and Crippin confronted Shaw at Shaw's home, Shaw and Crippen had arranged to meet at the victim's home later that day to settle their dispute by a one-on-one "knuckle fight." Defendant, Shaw and others went to the victim's home and a gun fight ensued. After defendant witnessed Shaw fall to the ground, the victim aimed a gun at defendant, who then fired five bullets toward the victim, striking the victim in the eye and killing him. This altercation occurred on a city street with others present, including a school bus carrying handicapped children. Defendant was charged with, among other things, murder in the second degree. Following a jury trial, he was convicted of manslaughter in the first degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (four counts). Defendant was sentenced to an aggregate prison term of 47 years and 13 years of postrelease supervision. Defendant now appeals.

Defendant contends that County Court erroneously submit-

ted both intentional murder and depraved indifference murder charges to the jury. The Court of Appeals has recognized that "[w]hether because jurors conclude that anyone who would intentionally take a life is depraved, or because they mistakenly believe that depraved indifference murder is a lesser offense than intentional murder and are reluctant to convict of the 'most serious' charge, the availability of a depraved indifference murder count has led juries to convict of that charge even though the evidence did not support it" (*People v Suarez*, 6 NY3d 202, 207 [2005]). Thus, that Court ruled that "twin-count" indictments and "twin-count" submissions to the jury should be rare (*id.* at 215). Accordingly, we have held that, except in those rare cases, the trial court should determine "whether the defendant's conduct is more consistent with depraved indifference murder or intentional murder, rather than leaving the question of the defendant's state of mind to the jury" (*People v Baptiste*, 51 AD3d 184, 194-195 [2008]). Here, however, even if the "twin-count" indictment and/or "twin-count" submission to the jury was unwarranted, it was harmless error as the jury did not convict defendant of either murder charge.

We also find unavailing defendant's contention that County Court erred in submitting the crime of manslaughter in the first degree to the jury as a lesser included offense of murder in the second degree (and additionally, manslaughter in the second degree as a lesser included offense of manslaughter in the first degree). County Court has the discretion to submit, sua sponte, lesser included charges to the jury "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see People v Edwards*, 16 AD3d 226, 227 [2005], *lv denied* 5 NY3d 762 [2005]; *see also People v Hernandez*, 42 AD3d 657, 658 [2007]).

Here, there is a reasonable view of the evidence that, in shooting at the victim, defendant intended not to kill but to harm him so as to protect himself and/or others from being shot. Nor was County Court's failure to include the defense of third parties in its justification charge reversible error because the "justification defense [was] negated by proof that '[t]he physical force involved [was] the product of a combat by agreement not specifically authorized by law' " (*People v Young*, 33 AD3d 1120, 1124 [2006], *lv denied* 8 NY3d 929 [2007], quoting Penal Law § 35.15 [1] [c]; *see People v Rosario*, 292 AD2d 324, 325 [2002], *lv denied* 98 NY2d 680 [2002]; *Matter of Kim H.*, 112 AD3d 160, 161 [1985]).

However, we agree, in part, with defendant's contention that County Court erred in imposing consecutive sentences. The aggregate sentence consisted of three separate groups, each of which were to run consecutively to one another: (1) three concurrent prison sentences of 25 years with five years of postrelease supervision on the convictions for manslaughter in the first degree and criminal use of a firearm in the first degree (two counts); (2) one prison sentence of 15 years with five years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, to run concurrently with two prison sentences of seven years with three years of postrelease supervision on the conviction of criminal possession of a weapon in the third degree (two counts); and (3) two concurrent prison sentences of seven years with three years of postrelease supervision for two counts of criminal possession of a weapon in the third degree.

Sentences must run concurrently "[w]hen more than one sentence of imprisonment is imposed . . . for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see People v Laureano*, 87 NY2d 640, 643 [1996]). Conversely, consecutive sentences are appropriate only "when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451 [1996]). Here, while defendant's possession of a firearm at various locations on the day of the shooting may reasonably be viewed as separate and distinct acts from the use of the firearm, such possession, itself, at each location constituted a continuous course of conduct and a single act. Therefore, the sentences imposed in group (3) as to defendant's convictions of criminal possession of a weapon in the third degree under counts 8 and 9 must run concurrently with the sentences imposed in group (2) as to his convictions of criminal possession of a weapon in the third degree under counts 6 and 7.

Otherwise, although we have the authority to modify a sentence that is unduly harsh or severe under the circumstances (*see* CPL 470.15 [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]), we reduce sentences "only in extraordinary circumstances or where the trial court abused its discretion" (*People v Longo*, 182 AD2d 1019, 1022 [1992], *lv denied* 80 NY2d 906 [1992]). Under the circumstances here, including the seriousness of the crimes of which defendant was convicted and his extensive criminal history, we do not find that the sentences

imposed, as modified by this decision, were harsh and excessive (*see id.* at 1022).

We have examined defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Peters, Kane and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for criminal possession of a weapon in the third degree under counts 8 and 9 of the indictment shall run concurrent with the sentences for criminal possession of a weapon in the third degree under counts 6 and 7 of the indictment; and, as so modified, affirmed.