■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER KELLY, Appellant. [911 NYS2d 909]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 22, 1994 (*People v Kelly*, 201 AD2d 668 [1994]), affirming a judgment of the Supreme Court, Queens County, rendered May 31, 1991.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALVIN MARSHALL, Appellant. [911 NYS2d 918]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Walsh, J.), imposed March 26, 2007, upon his conviction of attempted murder in the second degree, upon a jury verdict.

Ordered that the resentence is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Penal Law § 70.25 (4) provides, in relevant part, that "[w]hen a person, who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state, the sentence or sentences imposed by the court of this state . . . shall run either concurrently or consecutively with respect to such undischarged term in such manner as the court directs at the time of sentence." Here, as the People correctly concede, the sentencing court's misapprehension, upon resentencing, regarding its discretion to impose a sentence of imprisonment to run either concurrently or consecutively with a sentence previously imposed by a Federal court requires that the defendant be resentenced (*see People v Yant*, 223 AD2d 747 [1996]; *People v Vega*, 181 AD2d 635 [1992]; *People v Jeffries*, 166 AD2d 665, 666 [1990]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.