THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY LOCICERO, Appellant. [930 NYS2d 58]—

The defendant was involved in two physical altercations with the complainant and several of the complainant's companions. During the first altercation, the defendant struck the complainant in the face. The defendant was then attacked by approximately 8 to 10 of the complainant's companions. The defendant claimed that one of the complainant's companions brandished a knife, and that others screamed that the defendant should be killed. Nevertheless, the defendant managed to walk away from his alleged attackers, all the while cursing at them. The complainant and one of his companions pursued the defendant and the defendant's cousin, who was with the defendant at the time.

During the second altercation, which occurred a few moments after the first, the complainant struck the defendant and pushed him up against a car, where fighting ensued. The defendant stabbed the complainant in his side and back before fleeing the scene. The defendant turned himself in to police a few days later.

The defendant asserted the defense of justification at trial, testifying that he feared for his life based upon threats made by several of the complainant's companions and the brandishing of a knife by one of the complainant's companions (see Penal Law § 35.15). The Supreme Court charged the jury that in determining whether the defendant reasonably believed that imminent deadly force was to be used against him, it must determine whether a reasonable person, "being in the defendant's position, knowing what the defendant knew and being in the same circumstances, would have had those same beliefs." However, over the defendant's objection, the court did not instruct the jury to consider the actions of the complainant's companions in making this determination.

The Court of Appeals has stated that "a determination of reasonableness must be based on the 'circumstances' facing a defendant or his 'situation.' Such terms encompass more than the physical movements of the potential assailant . . . [T]hese terms include any relevant knowledge the defendant had about that person. They also necessarily bring in the physical attributes of all persons involved, including the defendant" (*People v Goetz*, 68 NY2d 96, 114 [1986]). "Accordingly, a jury should be instructed to consider this type of evidence in weighing the defendant's actions" (*id.* at 114-115; *see People v Wesley*, 76 NY2d 555, 559-560 [1990]). Here, the Supreme Court's failure to elaborate on the meaning of "circumstances" and to inform the jury that it could consider the conduct of the complainant's companions rendered the charge insufficient (*see People v Wesley*, 76 NY2d at 560; *People v Goetz*, 68 NY2d at 115; *People v Young*, 33 AD3d 1120, 1123 [2006]).

Contrary to the People's contention, the Supreme Court's error cannot be deemed harmless. Given that there was conflicting evidence as to whether it was the defendant or the complainant who pulled out the knife that the defendant used to stab the complainant, and given the testimony that one of the complainant's companions had brandished a knife during the first altercation and that there were threats made against the defendant's life by the complainant's companions, there was not overwhelming evidence to establish that the defendant was not justified, and the jury may have reached a different conclusion

had a proper and complete justification instruction been given (*see People v Wesley*, 76 NY2d at 560; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Young*, 33 AD3d at 1123-1124; *People v Lauderdale*, 295 AD2d 539, 540 [2002]). Accordingly, reversal is required and the matter must be remitted for a new trial.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel during the grand jury proceeding (*see People v Wiggins*, 89 NY2d 872, 873-874 [1996]; *People v Griffith*, 76 AD3d 1102 [2010]).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.