■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA M. CROWE, Appellant. [975 NYS2d 500]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 5, 2012, convicting defendant upon her plea of guilty of the crimes of vehicular assault in the first degree and aggravated driving while intoxicated.

Defendant waived indictment and pleaded guilty to a superior court information charging her with vehicular assault in the first degree and aggravated driving while intoxicated (hereinafter DWI) as a misdemeanor, which also satisfied a more serious charge. The charges stem from an incident in June 2011 in

---

which defendant drove her vehicle when she had a blood alcohol level of .22% and struck a 21-year-old pedestrian walking in a crosswalk, causing the victim to sustain severe physical injuries. County Court, which had made no sentencing promise as part of the plea negotiations, imposed a prison term of 2⅓ to 7 years on the felony conviction and a one-year conditional discharge with surcharges on the DWI conviction. Defendant now appeals, solely challenging the severity of her sentence.

Under well-established principles, this Court will exercise its discretionary authority to reduce a sentence in the interest of justice only in the presence of extraordinary circumstances or an abuse of sentencing discretion (*see People v Rollins*, 51 AD3d 1279, 1282 [2008], *lv denied* 11 NY3d 930 [2009]). While recognizing that the court imposed the maximum allowable sentence (*see* Penal Law § 70.00 [2] [d]; [3] [b]), we do not discern the presence of either improvident sentencing discretion or extraordinary circumstances of the type warranting a reduction of the sentence as a matter of discretion (*see* CPL 470.15 [2] [c]; [6] [b]).

Foremost, County Court fully considered the mitigating sentencing factors, including that defendant had no prior criminal history, accepted responsibility for her actions, and admitted herself into a substance abuse program immediately after the accident. The court also considered that the District Attorney and Probation Department recommended significantly lower sentences and that defendant had expressed some remorse to the Probation Department, albeit couched in terms of how this incident saved her own substance-abuse-driven life.

However, County Court was also fully entitled to consider the devastating and incapacitating head, hip and facial injuries sustained by the victim, including the loss of her teeth, a shattered palate, jaw fractures in several places, and misalignment of her jaw, all requiring multiple surgeries that were ongoing almost a year later at the time of sentencing and which resulted in permanent damage, protracted pain, posttraumatic stress and depression (*see People v Farrar*, 52 NY2d 302, 305 [1981]). The victim was forced to drop out of college, as well as the college sport she played and coached. Additionally, the record reflects that, before the accident, defendant had consumed a pint of bourbon, four beers and a shot of whiskey and then made the tragic choice to drive her vehicle. Further, the court noted that it was the opinion of the Probation Department that she had a high probability of recidivism.

Ultimately, in imposing sentence, County Court emphasized that the suffering inflicted on the victim was incalculable, and

that it was holding defendant responsible for the extent of harm caused to the victim, as well as sending a message to the community that this type of conduct will not be tolerated, all appropriate to consider (*see People v Farrar*, 52 NY2d at 305-306). Upon review of all relevant factors, we cannot conclude that the court's imposition of the maximum permitted sentence constituted an abuse of discretion based solely upon the fact that defendant has no criminal history, and we decline to disturb the sentence as a matter of discretion in the interest of justice.

Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.