■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. LAGARENNE, Appellant. [47 NYS3d 909]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 17, 2015, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 341-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of his plea allocution (*see People v Carle*, 121 AD3d 1011 [2014]; *People v Devodier*, 102 AD3d 884 [2013]; *People v Crews*, 92 AD3d 795, 795-796 [2012]). Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMILIANO LOZADA, Appellant. [47 NYS3d 909]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered July 22, 2014, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Guarchaj*, 122 AD3d 878, 879 [2014]; *People v Pressley*, 116 AD3d 794, 795-796 [2014]; *People v Salgado*, 111 AD3d 859 [2013]; *People v Pelaez*, 100 AD3d 803, 803-804 [2012]), and thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.