■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON LISI, Appellant. [55 NYS3d 906]—Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J., at plea; Condon, J., at sentencing), rendered June 18, 2014, convicting him of grand larceny in the first degree (two counts) and grand larceny in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was valid (*see People v Bryant*, 28 NY3d 1094 [2016]; *People v Lopez*, 6 NY3d 248, 257 [2006]). The defendant's valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of his plea allocution (*see People v Lagarenne*, 148 AD3d 826 [2017]; *People v Carle*, 121 AD3d 1011 [2014]). The defendant may still raise issues with respect to the voluntariness of his plea and ineffective assistance of counsel that affected the voluntariness of his plea (*see People v Parilla*, 8 NY3d 654, 660 [2007]; *People v Brown*, 116 AD3d 1062 [2014]; *People v Borges*, 103 AD3d 747 [2013]). However, to the extent that the defendant's contentions implicate such issues, those contentions are without merit. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICKI PRICE, Appellant. [55 NYS3d 914]—Appeal by the defendant from an amended judgment of the Supreme Court, Nassau County (Gugerty, J.), rendered April 25, 2016, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon her previous conviction of endangering the welfare of an incompetent or physically disabled person.

Ordered that the amended judgment is affirmed.

The defendant's contention that she made a good faith effort to comply with the conditions of her probation is unpreserved for appellate review (*see People v Palicz*, 121 AD3d 721 [2014]; *People v Park*, 203 AD2d 596 [1994]). In any event, the Supreme Court properly found, based upon a preponderance of the evidence presented at the hearing, that the defendant had violated conditions of her probation by, inter alia, failing to report to the probation department on several dates, failing to sign medical releases, failing to submit to a drug test, and failing to give a DNA sample (*see People v Palicz*, 121 AD3d 721 [2014]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.