People v Lijo (2018 NY Slip Op 01081)





People v Lijo


2018 NY Slip Op 01081


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-02088
 (Ind. No. 1319/13)

[*1]The People of the State of New York, respondent,
v
Benito Lijo, appellant.


Heriberto Cabrera, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered February 11, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant struck the complainant with a cane during an altercation between himself and the complainant and her husband. After a jury trial, in which the defendant presented a justification defense, the defendant was convicted of assault in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see Penal Law § 35.15; People v Acquista, 41 AD3d 491, 492; People v Suphal, 7 AD3d 547; People v Williams, 304 AD2d 595). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, a new trial is required because the trial court erroneously declined the defendant's request that the jury be instructed that it could consider the actions of the complainant's husband in determining whether the defendant's use of force was justified (see People v Locicero, 87 AD3d 1163, 1164; People v Morgan, 290 AD2d 566, 566-567). Contrary to the People's contention, the error cannot be deemed harmless, as the evidence to establish that the defendant was not justified was not overwhelming, and the jury may have reached a different conclusion had a proper and complete justification instruction been given (see People v Crimmins, 36 NY2d 230, 241-242; People v Locicero, 87 AD3d at 1164-1165; People v Morgan, 290 AD2d at 567). Significantly, the defendant's case rested on finding that he was justified in responding to the actions of the [*2]complainant's husband (see People v Morgan, 290 AD2d at 567).
In light of our determination, we need not reach the defendant's remaining contentions.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court