People v Anderson (2020 NY Slip Op 01179)





People v Anderson


2020 NY Slip Op 01179


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-05593
 (Ind. No. 2299/14)

[*1]The People of the State of New York, respondent,
v
Kathon Anderson, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered May 3, 2016, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and attempted murder in the second degree related to a shooting on a B15 bus in Brooklyn. The defendant, who was 14 years old at the time of the incident, was seated at the back of the bus when rival gang members boarded the bus and moved toward the back. As the rival gang members reached the middle of the bus, the defendant took out a gun and shot at them, hitting and killing an innocent passenger. The defendant then ran off the bus after the fleeing gang members and continued shooting. The defendant appeals.
"[A] defendant is justified in using deadly physical force' upon another only if that defendant reasonably believes that such other person is using or about to use deadly physical force'" (People v Brown, 33 NY3d 316, 320, quoting Penal Law § 35.15[2][a]). A justification defense is negated where the defendant was the initial aggressor (see Penal Law § 35.15[1][b]), or where the physical force used by a defendant was "the product of a combat by agreement not specifically authorized by law" (Penal Law § 35.15[1][c]).
We agree with the defendant that the Supreme Court should not have charged the jury with respect to the combat by agreement exception to the justification defense. The court granted the People's request for the instruction based upon generalized evidence that the defendant was a member of a gang which had a rivalry with other local gangs, including the gang with which the persons who approached the defendant were affiliated. However, any evidence of an alleged agreement in this case was tacit, open-ended as to time and place, and applicable to all members of the gangs of the parties involved as well as to all members of their affiliate gangs. The combat by agreement exception to justification is generally limited to agreements to combat between specific individuals or small groups on discrete ocassions (see e.g. People v Rollins, 51 AD3d 1279, 1280-1281; People v Young, 33 AD3d 1120, 1124; People v Rosario, 292 AD2d 324, 325; Matter of Kim [*2]H., 112 AD2d 160, 161; see also People v Russell, 91 NY2d 280). As there was no evidence of a combat agreement between the defendant and the specific persons who approached him on the bus, or among rival gang members during a discrete period of time or at a specific location, there was no reasonable view of the evidence that the combat by agreement exception applied to negate a justification defense in this case (see generally People v Watts, 57 NY2d 299, 301).
However, under the circumstances of this case, the error in the charge was harmless. The evidence that the defendant was the initial aggressor employing deadly physical force, which negated the justification defense, was overwhelming, and there was no reasonable possibility that the verdict would have been different had the charge been correctly given (see People v Brown, 33 NY3d 316, 321; People v Petty, 7 NY3d 277, 286; People v Jones, 3 NY3d 491, 497).
Contrary to the defendant's contention, certain Facebook messages of the defendant were properly admitted into evidence since they were "relevant to the issue of the defendant's motive and to his claim of justification, and explained the relationship between the parties" (People v Bruno, 127 AD3d 986, 986; see People v Bailey, 32 NY3d 70, 83). The Facebook messages were not "merely cumulative" of other evidence (People v Ventimiglia, 52 NY2d 350, 361). The court providently exercised its discretion in determining that the probative value of the messages outweighed the risk of prejudice to the defendant, and the limiting instruction given to the jury served to alleviate any prejudice resulting from the admission of the evidence (see People v Harris, 26 NY3d 1, 5; People v Magnan, 173 AD3d 1214, 1216).
The Supreme Court providently exercised its discretion in precluding the defendant from proffering expert testimony with regard to the topic of adolescent brain development, since the impulsiveness of adolescents is not a matter beyond the ken of the typical juror (see generally People v Santi, 3 NY3d 234, 246-247; People v White, 75 AD3d 109, 124).
The Supreme Court also providently exercised its discretion in denying the defendant's request for a missing witness charge in relation to the rival gang members who approached him on the bus. The defendant's request for the charge was untimely, as it was not made until the close of all evidence (see People v Whitlock, 95 AD3d 909, 910). In any event, the People established that they lacked control over the uncalled witnesses and that the testimony of those potential witnesses would have been cumulative to the eyewitness accounts and the surveillance video footage that was already in evidence at trial (see People v Valentin, 173 AD3d 1436, 1440; People v Wright, 58 AD3d 543, 543).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court