People v Giron (2020 NY Slip Op 01637)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Giron

2020 NY Slip Op 01637

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2012-03715
(Ind. No. 99/10)

[*1]The People of the State of New York, respondent,
vJuan Giron, appellant.

Janet E. Sabel, New York, NY (Steven R. Berko of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kathryn A. A. O'Neill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.) rendered February 8, 2012, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
The defendant was charged with murder in the second degree, robbery in the first degree, and robbery in the second degree. The defendant pleaded guilty to robbery in the first degree in satisfaction of the indictment.
We agree with the defendant that his waiver of his right to appeal was invalid (see People v Lozada, 148 AD3d 826; People v Zeledon, 131 AD3d 553; People v Almonor, 122 AD3d 763). The defendant's understanding of the nature of the rights he was waiving is not evident on the face of the record, and thus, the record does not demonstrate that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Brown, 122 AD3d 133, 138).
However, the record demonstrates that the defendant was afforded the effective assistance of counsel. With respect to the pretrial suppression hearing, the defendant's counsel was not deficient for failing to demand the production of certain witnesses at the hearing or for failing to request suppression of the defendant's statement based on the failure of the People to produce the those witnesses. In the context of a Huntley hearing (see People v Huntley, 15 NY2d 72), the People are not necessarily "mandated to produce all police officers who had contact with the defendant from arrest to the time that the challenged statements were elicited" (People v Witherspoon, 66 NY2d 973, 974; see People v Cuevas, 172 AD3d 567). The People are only required to produce police officers who interacted with a defendant prior to a confession where the defendant sets forth a " bona fide factual predicate' to demonstrate that the uncalled officers possessed material evidence on the question of voluntariness" (People v Cuevas, 172 AD3d at 567, quoting People v Witherspoon, 66 [*2]NY2d at 974). Here, the record does not show that there existed a bona fide factual predicate that would have required the production of the subject police witnesses (see People v Cuevas, 172 AD3d at 567). Therefore, it cannot be said that counsel was ineffective for failing to seek production of these police witnesses or failing to argue for suppression of evidence based on the failure of the People to produce the subject witnesses (see People v Baez, 175 AD3d 553; see also People v Hines, 172 AD3d 1225, 1226).
The defendant's counsel also was not ineffective for failing to seek a Payton hearing (see Payton v New York, 445 US 573; People v Baez, 175 AD3d 553; see also People v Hines, 172 AD3d at 1226), inasmuch as the record does not demonstrate that there existed a factual predicate that would have warranted such a hearing (see People v Garvin, 30 NY3d 174, 177; People v Ortiz, 83 NY2d 840-843). The defendant did not otherwise show that the representation provided by counsel at the hearing was deficient (see People v Benevento, 91 NY2d 708).
The defendant's contention that the Supreme Court failed to consider youthful offender treatment is not barred by the defendant's failure to properly raise the issue at sentencing, or by his plea agreement (see People v Rudolph, 21 NY3d 497, 501; People v Pacheco, 110 AD3d 927). Pursuant to CPL 720.20(1), "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." The defendant was an "eligible youth" at the time of sentencing (CPL 720.10[2]). The mandated determination was not made in this case. As the People concede, the sentencing court should have considered and determined whether the defendant should be treated as a youthful offender. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after determining whether the defendant should be adjudicated a youthful offender (see People v Ramirez, 115 AD3d 992, 993). We express no opinion as to whether the court should afford youthful offender status to the defendant.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court