People v Agosto (2022 NY Slip Op 01461)





People v Agosto


2022 NY Slip Op 01461


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-11415
 (Ind. No. 3420/18)

[*1]The People of the State of New York, respondent,
v
Arron J. Agosto, appellant.


Patricia Pazner (White & Case LLP, New York, NY [Claudine Columbres, Jade Yoo, and Sandra Redivo], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Dmitriy Povazhuk, and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered September 19, 2019, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
In the context of a Huntley hearing (People v Huntley, 15 NY2d 72), the People are not necessarily "mandated to produce all police officers who had contact with the defendant from arrest to the time that the challenged statements were elicited" (People v Witherspoon, 66 NY2d 973, 974; see People v Giron, 181 AD3d 710, 710-711; People v Cuevas, 172 AD3d 567, 567). The People are only required to produce police officers who interacted with a defendant prior to a confession where the defendant sets forth a "'bona fide factual predicate' to demonstrate that the uncalled officers possessed material evidence on the question of voluntariness" (People v Cuevas, 172 AD3d at 567, quoting People v Witherspoon, 66 NY2d at 974; see People v Giron, 181 AD3d at 711). Here, the record does not show that there existed a bona fide factual predicate that would have required the production of the subject police witness (see People v Witherspoon, 66 NY2d at 974; People v Giron, 181 AD3d at 711). Accordingly, the Supreme Court properly denied suppression of the defendant's statements to law enforcement officials.
Although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), that right is not unfettered (see People v Wingate, 184 AD3d 738, 739). "The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Francisco, 44 AD3d 870, 870; see People v Wingate, 184 AD3d at 739). Here, the Supreme Court providently exercised its discretion in curtailing the cross-examination of the complainant regarding incidents that allegedly took place within a non-relevant period of time (see People v Simms, 178 AD3d 963, 964).
"[A] defendant is justified in using 'deadly physical force' upon another only if that defendant 'reasonably believes that such other person is using or about to use deadly physical force'" (People v Brown, 33 NY3d 316, 320, quoting Penal Law § 35.15[2][a]; see People v Anderson, 180 AD3d 923, affd 36 NY3d 1109). A justification defense may be negated by proof that "[t]he physical force involved is the product of a combat by agreement not specifically authorized by law" (Penal Law § 35.15[1][c]; see People v Anderson, 180 AD3d at 923). An agreement to engage in combat not authorized by law can be a tacit agreement (see People v Russell, 91 NY2d 280, 288-290; People v Young, 33 AD3d 1120, 1124). Here, there was a reasonable view of the evidence under which the jury could have found there was a tacit agreement by the defendant and the complainant to engage in combat not authorized by law. Therefore, the Supreme Court properly instructed the jury regarding combat by agreement (see generally People v Russell, 91 NY2d at 288-290; People v Young, 33 AD3d at 1120-1124).
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court