People v Kelson (2023 NY Slip Op 03707)

People v Kelson

2023 NY Slip Op 03707

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-04124
 (Ind. No. 3/19)

[*1]The People of the State of New York, respondent, 
v
Isaiah Kelson, appellant.

Spolin Law, P.C., New York, NY (Annette M. Gifford and Aaron Spolin of counsel), for appellant.
Michael A. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered March 12, 2020, convicting him of murder in the second degree, attempted murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25[1]), attempted murder in the second degree (id. §§ 110.00, 125.25[1]), conspiracy in the second degree (id. § 105.15), and criminal possession of a weapon in the second degree (id. § 265.03[3]), in connection with the attempted shooting of a rival gang member in which a bystander was killed. The Supreme Court imposed the sentences for the murder and attempted murder convictions to run concurrently with each other and consecutively to the conspiracy and weapon possession convictions, which were to run concurrently with each other.
The defendant's contention that the convictions were not supported by the weight of the evidence is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court improperly limited cross-examination of a prosecution witness is without merit. The scope of cross-examination is within the sound discretion of the trial court, which may limit cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury (see People v Corby, 6 NY3d 231, 234-235; People v Agosto, 203 AD3d 841, 841). Here, the court providently exercised its discretion in curtailing the cross-examination of the prosecution witness regarding an incident that allegedly took place during a non-relevant period of time (see People v Agosto, 203 AD3d at 842; People v Simms, [*2]178 AD3d 963, 964).
The Supreme Court providently exercised its discretion in precluding the defendant from making arguments in summation related to whether a third party was involved in the shooting death of the victim because such arguments were speculative and not supported by the evidence (see People v Smith, 16 NY3d 786, 787-788; People v Kennedy, 177 AD3d 628, 630; People v Alicea, 159 AD3d 532, 533).
Contrary to the defendant's contention, the Supreme Court was not obligated to impose the sentences for murder in the second degree and attempted murder in the second degree to run concurrently with the sentences imposed for conspiracy in the second degree and criminal possession of a weapon in the second degree (see Penal Law § 70.25[2]). Concurrent sentences are required only "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (id. § 70.25[2]). Here, the People established that the acts constituting conspiracy in the second degree were separate and distinct from the acts constituting the crimes of murder in the second degree and attempted murder in the second degree (see People v Arroyo, 93 NY2d 990, 992; People v Alfonso, 142 AD3d 1180, 1183). The People also established that the defendant knowingly possessed the loaded firearm prior to forming the intent to commit murder with that weapon (see People v Malloy, 33 NY3d 1078, 1080; People v Brown, 21 NY3d 739, 750-751).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court