■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN ABELSON, Appellant. [812 NYS2d 47]—

Judgment, Supreme Court, New York County (Herbert Altman, J., at jury trial and sentence; Maxwell Wiley, J., at resentence), rendered October 24, 2002, as amended March 14, 2005, convicting defendant of robbery in the second degree (two counts) and attempted grand larceny in the second degree, and sentencing him to concurrent terms of 5 years, 5 years and 2⅓ to 7 years, respectively, unanimously affirmed.

The court properly denied defendant's request for a missing witness charge as to the victim's former girlfriend. The court correctly concluded that this witness was not under the People's control for purposes of a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *compare People v Keen*, 94 NY2d 533, 539-540 [2000]). The victim's brief relationship with the witness ended long before the trial, and he had not heard from her for several months. In addition, the People sufficiently established that this witness, a prostitute living at an unknown location in Italy, was not available, in that efforts to locate her would have been futile (*see e.g. People v Delacruz*, 276 AD2d 387 [2000], *lv denied* 96 NY2d 758 [2001]). In any event, were we to find any error in failing to give the missing witness charge, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.