(January 27, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GREGORY WRIGHT, Appellant. [872 NYS2d 439]—

Judgment, Supreme Court, New York County (Edwin Torres,
J.), rendered March 2, 2006, convicting defendant, after a jury
trial, of attempted murder in the second degree, robbery in the
first degree (two counts), burglary in the first degree, robbery
in the second degree (two counts), and criminal possession of a
weapon in the second degree, and sentencing him, as a persis-
tent violent felony offender, to an aggregate term of 25 years to
life, unanimously affirmed.

The court properly denied defendant's requests for missing
witness charges, since defendant did not establish prima facie
entitlement to such charges with respect to any of the uncalled
witnesses (see People v Gonzalez, 68 NY2d 424 [1986]). The
victim's stepson, who told the police he was asleep in a back
bedroom during the robbery, was clearly not knowledgeable
about any issue. The victim's stepson's former girlfriend was
not under the People's control for purposes of a missing witness
charge, since she did not have any relationship with the victim
or with the prosecution that would create an expectation that
she would provide testimony favorable to the People (see People
v Abelson, 27 AD3d 301 [2006]). In addition, there was no rea-
son to believe that she had any knowledge of the identity of the
assailants or any other material issue. There is no merit to
defendant's pro se claims regarding other uncalled witnesses, or
any of his other pro se claims, including the constitutional
components of those claims. Concur—Saxe, J.P., Gonzalez,
Sweeny, Renwick and DeGrasse, JJ.