*415 Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about January 27, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant committed acts that, if committed by an adult, would constitute robbery in the second degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, and imposed a conditional discharge for a period of 12 months, unanimously affirmed, without costs. Appeal from fact-finding determination, same court and Judge, entered on or about October 30, 2009, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court was not obligated to draw an adverse inference with respect to a surveillance videotape purportedly made at the store at which the incident occurred. There is no indication that the tape was ever in the presentment agency’s possession, and the agency had “no constitutional or statutory duty to acquire, or prevent the destruction of, evidence generated and possessed by private parties” (People v Banks, 2 AD3d 226, 226 [1st Dept 2003], lv denied 2 NY3d 737 [2004]). In any event, there was no evidence suggesting that the relevant portion of the incident even had been videotaped, and the testimony suggested otherwise (see People v Wright, 58 AD3d 543 [1st Dept 2009], lv denied 12 NY3d 823 [2009]). Concur — Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.