■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MAMADOU, Appellant. [13 NYS3d 440]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shillingford, J.), rendered February 28, 2013, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in deny-

ing the defendant's request for a missing witness charge with respect to a cab driver who picked up the complainant moments after the complainant's car was stolen. The defendant failed to show that the cab driver was knowledgeable about a material issue, since the cab driver did not arrive at the scene until after the defendant drove away in the stolen car (*see People v Lopez*, 19 AD3d 510, 512 [2005]; *People v Rivera*, 174 AD2d 581, 582 [1991]). Moreover, the defendant failed to show that the cab driver was under the People's control (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]; *People v Abelson*, 27 AD3d 301, 301 [2006]).

The defendant's arguments regarding the prosecutor's alleged improper comments during summation are unpreserved for appellate review, since the comments were not objected to, were the subject of unspecified, general objections, were not objected to in a timely manner, or were not the subject of a mistrial motion or a request for further curative instructions after an objection was sustained (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Singh*, 109 AD3d 1010, 1013 [2013]). In any event, most of the challenged remarks were within the broad bounds of permissible rhetorical comment, a fair response to the defendant's summation, or fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Williams*, 123 AD3d 1152, 1152 [2014]). To the extent that any remaining challenged remarks were improper, they were "not so flagrant or pervasive as to deprive the defendant of a fair trial" (*People v Ward*, 106 AD3d 842, 843 [2013]; *see People v Thompson*, 125 AD3d 899 [2015]; *People v Almonte*, 23 AD3d 392, 394 [2005]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.